# Kahn *v.* Quaker City Cab Company, Appellant.

*Evidence—Opinion of expert—Exceptions—Appeals.*

1. On an appeal in an accident case an assignment of error to the admission in evidence of the opinion of an expert will not be considered where no exception was taken to the evidence.

*Trial—Charge—Exception—Request for instructions.*

2. It is too late on appeal to complain of instructions of the trial judge, where no exceptions were taken to the instructions, and the request of the judge to counsel to make further suggestions as to anything he omitted, is disregarded.

*Appeals—New trial—Abuse of discretion.*

3. The action of the court below in refusing to grant a new trial will not be reversed except in case of abuse of discretion.

Argued March 18, 1919.   Appeal, No. 94, Jan. T., 1919, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1917, No. 3121, on verdict for plaintiff in case of Simon Kahn v. Quaker City Cab Company.   Befor STEWART, MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before ROGERS, J.

Verdict and judgment for plaintiff for $3,500.   Defendant appealed.

*Errors assigned* were various instructions and rulings on evidence, and refusal of new trial.

*Robert P. Shick,* for appellant.

*Victor Frey,* with him *Augustus Trask Ashton,* for appellee.

OPINION BY MR. JUSTICE KEPHART, April 28, 1919:

The appellee, a passenger in a taxicab owned and operated by the appellant's servants, was injured when it collided with a tree near the crossing of Sixty-second and Arch streets, West Philadelphia.   The appellant admitted liability for the injuries sustained by the plaintiff, but objected to the manner in which the case was tried and assigns as error the action of the court on its motion for a new trial.   We have carefully read the evidence and the charges, and it is not clear to us how the court could have done otherwise than refuse the motion.   There is nothing on record indicating an abuse of discretion.   There is no exception to the evidence of Dr. Paul, who expressed the opinion that epilepsy and convulsions may have resulted from the accident, and there was some evidence upon which to base that opinion.

We do not have before us the language used by the appellee's counsel in his address to the jury and we are in no position to judge the effect it might have had.   The trial judge heard it, and when he refused a new trial, this matter was given due consideration.   Had the appellant felt the instruction with respect to the diminution of earning power was erroneous, it should have excepted to this portion of the charge; but when the trial judge, at the conclusion of the charge, requested counsel to sug-

gest anything he had omitted, or any correction desired made, appellant's counsel was silent. We have frequently called attention to counsel's duty, when such requests are made. It is now too late to complain. The same may be said of the objection to the court's instructions as to the value of opinion evidence in that it was based on an examination made long after the accident. Whatever value these objections might have to the appellant if properly brought on the record by way of an exception and an assignment of error, need not be discussed. They do not present sufficient grounds to convict the court of an abuse of discretion in refusing to grant a new trial.

The assignments of error are overruled and the judgment is affirmed.