# Duff, Appellant, *v.* Hamlin.

*Appeals—Assignments of error—Rule of Court 26—Distinct matters under one assignment—New trial—Reasons therefor.*

1. Where appellant desires simply to raise the question of an alleged abuse of discretion by the court in refusing to grant a new trial, it is proper to set forth all the distinct reasons which accompanied the request for a new trial, in one assignment of error; but where appellant wishes to insist on the distinct reasons as showings of separate errors, each reason must be incorporated in a separate assignment and these assignments must show exceptions noted in the court below.

Mix v. North American, 209 Pa. 636, explained and distinguished.

*Appeals—Assignments of error—Charge—Points and answers— Exceptions—Act of March 24, 1877, P. L. 38.*

2. Request for instructions and answers thereto form part of the charge; and even where such requests are presented under the Act of March 24, 1877, P. L. 38, in writing, and the answers to the court are duly excepted to, unless there is a formal request made at the trial to reduce the charge to writing and file it of record, neither it nor the answers to points can be considered on appeal.

3. An assignment of error based on an answer made by the trial judge at the end of his charge, to an oral request for further instructions, will not be considered, where no request was made whatever that the charge, should be filed of record.

*Appeals—Motion for judgment n. o. v.—Request for binding instructions—No general request to file charge, points and answers— Act of April 22, 1905, P. L. 286.*

4. Under the specific provisions of the Act of April 22, 1905, P. L. 286, an assignment of error to the refusal of a motion for judgment n. o. v., based on a refusal of a written request for binding instructions, is proper, although the appellant had made no request whatever that the charge, points or answers should be filed of record.

*Contract—Sale—Evidence—Parol evidence—Capacity of cars.*

5. Where a seller of molasses states in a letter that he is carrying for the purchaser "100 tank cars" of molasses "for shipment in our cars," and plaintiff claims that his own cars held 5,000 gallons each, defendant may show, as measuring the amount of the purchase, that the usual tank cars contained 8,000 gallons, and

that cars of this capacity had been orally agreed upon between the parties.

*Appeals—Amount of verdict—No loss shown to appellant.*

6. Where, on an appeal by plaintiff from a judgment on a verdict in favor of himself in an action for goods delivered under a contract of sale, defendant sets up a breach of a second contract, the appellate court will not discuss questions relating to the second contract where the amount of the verdict in plaintiff's favor demonstrates that defendant received no allowance on the second contract.

Argued October 11, 1921. Appeal, No. 79, Oct. T., 1921, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1917, No. 1723, on verdict for defendant, in case of R. P. Duff, trading as P. Duff & Sons, v. Dwight E. Hamlin. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before CARNAHAN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant for $4,000. Plaintiff appealed.

*Errors assigned* were as follows: (1) in overruling plaintiff's motion for judgment n. o. v., quoting the record; (2) in overruling plaintiff's motion for a new trial for seven different reasons, quoting the record; (3) in portions of the charge to the jury, quoting the request to charge and exception.

The reasons for the new trial were as follows, as quoted in the 2d assignment of error:

1. The verdict is against the evidence.

2. The verdict is against the weight of the evidence.

3. The learned court erred in the admission of verbal testimony when the communications had been reduced to writing.

4. The learned court erred in the admission of a letter from plaintiff to a third party written months after the

expiration date of the contract between plaintiff and defendant.

5. The learned court erred in his charge to the jury as to the amount that might be recovered by the plaintiff.

6. The learned court erred in his charge to the jury with reference to the actions of the parties amounting to a variation of the terms of the written contract between the parties.

7. The plaintiff asks leave to file additional reasons after the testimony taken in the case has been transcribed.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant.—There was no question to be submitted to a jury: Ogden v. Traction Co., 202 Pa. 480; Thompson v. Schoch, 254 Pa. 585; American Dressler Tunnel Kilns v. Holt, 269 Pa. 293; Atchinson v. Board of Publication, 266 Pa. 47; Lenox Coal Co. v. Coal Co., 265 Pa. 572; Tustin v. Reading Coal & Iron Co., 250 Pa. 425.

*Ernest C. Irwin,* with him *A. L. Petty* and *Watson & Freeman,* for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 3, 1922:

Plaintiff, R. P. Duff, trading as P. Duff & Sons, brought suit against Dwight E. Hamlin, to recover for goods sold and delivered to him. Defendant admitted receipt of the goods, but claimed a set-off, which the jury allowed in part; judgment was entered, accordingly, in the sum of $4,000, and plaintiff has appealed.

Appellant claims that, in the summer and fall of 1915, he sold and delivered to defendant some eight tank cars of molasses, which, by mistake, were billed at the rate of six cents a gallon, whereas the price should have been sixteen cents; also that he subsequently sold and delivered to defendant further quantities of molasses, at the rate of twenty cents a gallon, the difference in price

of the first goods and the total price of those subsequent-
ly delivered amounting in all to between $9,000 and
$10,000. To this claim defendant replied that, while he
had received the goods in question, the six cents a gallon
paid by him for the eight cars was the contract price
agreed on; further, that plaintiff owed him, defendant,
more than $50,000 damages which he had suffered by
being obliged to go into the market and purchase mo-
lasses at advanced prices, in consequence of plaintiff's
failure to make deliveries according to the contract of
sale.

The written agreement between the parties consists of
a letter, dated March 13, 1915, from plaintiff to defend-
ant, the material parts of which are as follows: "We are
covering you for 100 tank cars of Blackstrap for ship-
ment in our cars from Apr. 10th, 1915, until Jan. 1st,
1916, at 6c per gallon......[here follows an explana-
tion that plaintiff is getting the molasses, called Black-
strap, from another concern, as to whose responsibility
he is not sure; after which the letter continues:] There-
fore, in view of the fact that we are making this contract
for your benefit and in doing so saving you ½c per gal-
lon, we must make it conditional on our principals car-
rying out their contract in good faith with us and deliv-
ering these 100 tank cars of Molasses......We are
working on a slender commission, [on] a contract that
is much more profitable to you than it is to us, and......
we do not like to assume the responsibility of filling this
contract if the people whom we are acting under shall
fail to execute the contract in full."

The construction of the agreement which plaintiff con-
tends for is, that he was obliged to give defendant, at the
price named, only so much of the molasses thus sold as
might be delivered to him, plaintiff, by the Sugar Prod-
ucts Company of New York (who, concededly, was the
third party referred to in the above-quoted letter) up
to Jan. 1, 1916, and that, according to an agreement be-
tween plaintiff and defendant, all molasses delivered to

the latter after that date was to be paid for by him at current market prices.

On the other hand, defendant contends there is nothing in the written contract to indicate time as its essence,—that, taking it as a whole, the writing rather suggests the delivery of the 100 tank cars, at the stated price, to be the material object in view, so far as delivery to plaintiff from the party furnishing the goods would permit; further, that, however the original writing might be read, the parties thereto had orally agreed, subsequent to January 1, 1916, that plaintiff should purchase and deliver to defendant (so that the latter might carry on his business) molasses other than that contracted for in the original writing, for which defendant would pay plaintiff current market prices, with a usual commission, it being then agreed that "any molasses which the Sugar Products Company might thereafter deliver to plaintiff, at any time, under its contract, should be turned over to defendant at his contract price of 6c per gallon."

Defendant claimed plaintiff delivered to him only 79 tank cars of molasses at six cents a gallon, although the Sugar Products Company had made deliveries to plaintiff of molasses in considerable quantities, which should have been forthwith sent to him, defendant, and that plaintiff's failure to send on this last-mentioned molasses, at the contract price of six cents, caused him, defendant, to suffer heavy damages, for which he asked a certificate.

To all of this plaintiff replied, first, that the writing entitled defendant only to such molasses, at the contract price, as he, plaintiff, might obtain from the Sugar Products Company up to January 1, 1916, and that there was no agreement between them extending that date; furthermore, that the writing stipulated cars of the capacity used by plaintiff, which carried 5,000 gallons each, whereas many of the cars delivered to defendant contained 8,000 gallons each, therefore defendant had in

fact received all of the molasses contracted for, and a little more.

Defendant answered that the writing means, so far as measuring the amount of the purchase is concerned, cars of the usual tank capacity, namely 8,000 gallons each, and that this was orally agreed between the parties.

Defendant presented evidence to prove the oral agreement just referred to, and he points to the writing itself to show that plaintiff there says that he is covering the defendant for "100 tank cars" of molasses, adding "for shipment in our cars," apparently thereby drawing a distinction between the "tank cars" first named and "our cars" last referred to, and that, later in the same letter, the writer makes reference to "these 100 tank cars," which the Sugar Products Company were to deliver to him, without saying anything about their dimensions or suggesting they should be of the smaller capacity which plaintiff now claims for his own cars. Under the circumstances, we cannot hold that error was committed in receiving testimony as to the real understanding between the parties concerning the capacity of the "100 tank cars" of molasses, referred to in the letter as "covered," or purchased, by plaintiff for defendant.

All of the issues which we have indicated were presented to the jury, and, as before said, were found against plaintiff. Defendant, in his pleadings, set up the breach of another contract by plaintiff, concerning the purchase of 50 cars of molasses at seven cents a gallon; but, since the verdict rendered shows, by the great discount the jury made in defendant's claim of damages, that he received no allowance on this second contract, it is not necessary to discuss it.

Appellant has three assignments of error, only one of which calls for consideration, and that is the first, complaining because the court below refused to enter judgment in favor of plaintiff, notwithstanding the verdict for defendant. As to this, we need only say that, after

reading the testimony, we are not convinced that any of the controlling issues involved could properly have been decided as matters of law in favor of plaintiff; hence he was not harmed by the fact that they were submitted to the jury. The manner of their submission, which is complained of in the two remaining assignments of error, is not properly raised; for the first of these last two assignments simply complains of the refusal to grant a new trial, embracing in this complaint seven different reasons assigned in the court below, and this without showing specific objections made and exceptions entered at the time the rulings and instructions now sought to be questioned were made. The practice thus attempted cannot be permitted; it offends several principles of appellate practice: see Maculuso v. Humboldt Fire Ins. Co., 271 Pa. 489, and authorities there cited. Rule 26 of the Supreme Court expressly provides that "each error relied on must be specified particularly and by itself"; further, that "if any specification embrace more than one point or refer to more than one bill of exceptions or raise more than one distinct question, it shall be considered a waiver of all the errors so alleged." In Mix v. North American, 209 Pa. 636, 641, we held that an assignment of error which complained of a refusal to grant a new trial was not vitally defective in setting forth four distinct reasons why such relief should have been granted, saying, the single error alleged by the assignment was the denial of the new trial and all of the reasons simply raised the question of an alleged abuse of discretion in this regard. That case, however, is not an authority that four distinct and disassociated matters can be brought before the appellate court in a single assignment (particularly where the single assignment fails to show the objections and exceptions taken in the court below regarding each of the alleged errors, as in the case now before us) ; for, if it were, it would be a complete reversal of the above-quoted rule. It is still the law that, when counsel desire to question a ruling on the evidence,

or the manner in which a case is submitted to the jury, or other trial points which in themselves are the subject of specific objection and exception, such points must be incorporated in separate assignments of error for purposes of review.

The last of the two assignments now under discussion complains of an answer made by the trial judge at the end of his charge to the jury, to an oral request for further instructions. We recently held, in Ward v. Babbitt, 270 Pa. 370, that points and answers thereto form part of the charge, and that, even when such points were presented, under the Act of March 24, 1877, P. L. 38, in writing, and the answers of the court were duly excepted to, unless there was a formal request made at the trial to reduce the charge to writing and file it of record, neither it nor the answers to points could be reviewed on appeal, our ruling being that the Act of 1877 had to be construed with other legislation, in pari materia, and, when thus read, it meant that answers to points were subject to review only when filed in connection with the charge, in the manner required by law,—that is, on request at the end of the trial; for, if this were not the rule, we might on appeal have points and answers before us without the charge as a whole, and, in the absence of the latter, we would not be in a position to judge properly concerning the correctness of the former, for, as may be realized, the points might be refused without reading, because fully answered in the general charge, which is often the case. These rules are not mere arbitrary regulations to make practice more difficult, as some seem to think, but represent arrangements which add materially to the orderly and efficient conduct of the business of the courts.

Here appellant made no request whatever that the charge, points or answers thereto should be filed of record, and, hence, we shall not formally pass upon their sufficiency; but we take occasion to say that, were they properly before us, there is nothing in them which calls

for reversal of the present judgment.  We also note that plaintiff's written point for binding instructions, upon the refusal of which he rests his first assignment of error, is in a different position from points generally, owing to the specific provisions of the Act of April 22, 1905, P. L. 286; see Keck v. Pittsburgh, H., B. & N. C. Ry. Co., 271 Pa. 479, and Mooney v. Kinder, 271 Pa. 485.

The first assignment of error is overruled; the second and third are dismissed.

The judgment is affirmed.