# McKee et al., Trustees, Appellants, *v.* Ward et al.

*Contracts—Manufactured article—Completion of manufacture—Passing of title.*

1. Where there is a contract to sell an unascertained chattel by description, and the seller is required to do something to perfect the article to place it in a deliverable state, the title to the property does not pass until that is done.

2. A chattel ordered to be manufactured continues to be the property of the manufacturer until completed or tendered.

*Replevin—Evidence—General or special property—Right of possession.*

3. Before plaintiff can recover in replevin, it is incumbent on him to show not only a general or special property in the chattel, but also his exclusive right to possession.

*Sales—Sales to two vendees—Possession—Notice—Replevin.*

4. Where the same thing is sold to two different persons, by contracts equally valid, and the second vendee is without notice of the first sale, he who first obtains possession is entitled to the property.

*Appeals—New trial—Abuse of discretion—Assignments of error.*

5. The appellate court will not consider, as a substantive assignment of error, matters urged on appeal as additional reasons for reversing the judgment and for granting a new trial, where they are not incorporated in separate assignments, setting forth the rulings complained of, and the exceptions taken in the court below.

*Appeals—Judgment on whole record—Exceptions—Act of April 22, 1905, P. L. 286.*

6. The appellate court will not consider an assignment of error to the refusal to enter judgment on the whole record under the Act of April 22, 1905, P. L. 286, unless a point for binding instructions was presented in writing in the court below.

Argued March 21, 1927.  Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 11, March T., 1927, by plaintiffs, from judgment of C. P. Washington Co., Nov. T., 1926, No. 220, on verdict for defendants, in case of Samuel H. Mc-Kee et al., trustees, trading as Colonial Finance Trust v. Robert W. Ward and Andy Bushta.  Affirmed.

Replevin for automobile.  Before CUMMINS, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for Andy Bushta, defendant and appellee, for $2,555.68.  Plaintiffs appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*A. DeVoe P. Miller,* with him *Scott & Purdy* and *Meyer Goldfarb,* for appellants, cited: Thorne v. Ins. Co., 80 Pa. 15; Johnson v. Hulings, 103 Pa. 498; Ice Mfg. Co. v. Armour & Co., 12 Pa. Superior Ct. 443; Martachowski v. Orawitz, 14 Pa. Superior Ct. 175.

*A. Kirk Wrenshall,* with him *Alex. M. Templeton,* for appellee, cited: Clow v. Woods, 5 S. & R. 275; Winslow, Lanier & Co. v. Leonard, 24 Pa. 14; Kent, Santee & Co.'s App., 87 Pa. 165; Leitch v. Truck Co., 279 Pa. 160; Trunick v. Smith, 63 Pa. 18; McBride v. McNally, 243 Pa. 206; Whitehill v. Schwartz, 27 Pa. Superior Ct. 526; Jones v. Wands, 1 Pa. Superior Ct. 269; White Co. v. Transfer Co., 270 Pa. 514; Reinheimer v. Hemingway, 35 Pa. 432; Lake S. & M. S. Ry. v. Ellsey, 85 Pa. 283.

OPINION BY MR. JUSTICE KEPHART, April 18, 1927:

The assignments present two questions: did the court err in refusing plaintiff's motions for a new trial and for judgment n. o. v.  We have frequently stated that the granting or refusing of a new trial is largely in the dis-

cretion of the court below, and its action will not be reversed unless there has been a manifest abuse of discretion: Sullivan v. Baltimore & Ohio R. R., 272 Pa. 429, 436; Whitcomb v. Phila., 264 Pa. 277, 285. No such abuse appears in this case.

Appellee Andy Bushta purchased from Ward, a sub-agent of the Pittsburgh Auburn Company, a sedan car of special design. The car was to be manufactured by the company for its Pittsburgh distributing agency, that agency agreeing to deliver through Ward to appellee. The purchase price was paid by appellee to Ward, who, in turn, sent it to the distributing company in Pittsburgh and from thence to the manufacturing company. These transactions occurred in June, July and August of 1925. The car was put into a deliverable state early in September; in the latter part of August, the Pittsburgh company issued to Ward an order directing the manufacturing company to deliver the car to him. He took the order to the Finance Company, this appellant, and, with no other security, obtained a loan, at the same time executing a bill of sale to the Finance Company, and receiving in return a bailment lease of the car. Ward, who retained the order, delivered it to the company, received the car, and turned it over to appellee at the factory; the latter brought it into this State. The transaction, so far as it related to appellee, was begun and consummated in the State of Indiana. Default having been made in the bailment lease, appellant seized the car by writ of replevin, and appellee, unable to give bond, went to trial and recovered a verdict for the value of the car.

Ward never had possession of the car, nor was it ready for delivery when the sale was made, and the court below held that appellant's right to recover rested solely on the validity of its claim as the vendee of Ward. The fact that it afterwards became the bailor, as far as this appellee was concerned, was immaterial. Appellant, by executing the bailment contract, did not strengthen the

title it had previously received from its vendor, Ward, afterward its bailee. The property in question was not deliverable when the sales were made, hence the contracts were executory. Where there is a contract to sell an unascertained chattel by description and the seller is required to do something to perfect the article, to place it in a deliverable state, then the title to the property does not pass until that is done: Sales Act of May 19, 1915, P. L. 543, 548, section 19, rule 4; Keeler Co. v. Schott, 1 Pa. Superior Ct. 458, 467; Strong, Deemer & Co. v. Dinniny, 175 Pa. 586, 589, 590; Furnace Co. v. Snyder, 223 Pa. 372, 375; Frank Pure Food Co. v. Dodson, 281 Pa. 125, 128. "The general principle is that a chattel ordered to be manufactured continues the property of the manufacturer until completed or tendered": Keeler Co. v. Schott, supra, at p. 467.

Before plaintiff could recover, it was incumbent upon it to "show not only a general or special property [in the automobile], but, also [its] exclusive right to possession: White Co. v. Union Transfer Co., 270 Pa. 514; Reinheimer v. Hemingway, 35 Pa. 432; Lake Shore & Mich. Southern Ry. Co. v. Ellsey, 85 Pa. 283": Leitch v. Motor Truck Co., 279 Pa. 160, 164. This the plaintiff failed to do.

The bona fides of each act as it related to the transaction was submitted to the jury as well as the question as to which party was entitled to the exclusive possession of the car, based on these acts. If appellee's statements were found to be true, he was entitled to recover on the principle that "where the same thing is sold to two different persons, by contracts equally valid, and the second vendee is without notice of the first sale [as was true in this case], he who first obtains possession is entitled to the property": Winslow, Lanier Co. v. Leonard, 24 Pa. 14, 18; Bank v. Gayley, 92 Pa. 518, 527; Miller v. Browarsky, 130 Pa. 372. And see White v. Gunn, 205 Pa. 229, 232; Stephens v. Gifford, 137 Pa. 219.

Appellant urges the consideration of other matters, set forth in connection with the motion for new trial, as additional reasons for reversing the judgment. While they may be germane to the motion for a new trial, in determining whether there was an abuse of discretion, they cannot be considered as substantive assignments of error, unless the reasons showing separate errors are incorporated in separate assignments with the exceptions taken in the court below: Duff v. Hamlin, 272 Pa. 245; First Church of Christ, Scientist, v. Meredith, 266 Pa. 263; Kahn v. Quaker City Cab Co., 264 Pa. 510, 512.

Appellant further assigns as error the refusal to enter judgment n. o. v. on the whole record, under the Act of April 22, 1905, P. L. 286. It has frequently been held in this court that, before consideration can be given to such request, a point for binding instructions must have been presented in writing in the court below, which request is either refused or granted: Hanick v. Leader, 243 Pa. 372, 373. This was not done in this case and appellant is not in a position to complain of the refusal in that regard.

The assignments of error are overruled and the judgment of the court below is affirmed.