## Jaffe *v.* Lipsky Bros., Appellants.

*Appeals—Assignments of error—General assignments—Particular rulings—New trial—Discretion of court.*

1. Appellants who simply file assignments of error to the entry of a judgment and refusal of a new trial, cannot be heard to complain of particular rulings on evidence.

2. Such rulings, if deemed harmful, must be assigned separately, and each assignment of this character must show an exception entered at the trial.

3. An assignment of error to the refusal of a new trial will not be considered where the record does not disclose any abuse of discretion on the part of the court below.

Argued December 6, 1927.   Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 282, Jan. T., 1927, by defendants, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1925, No. 319, on verdict for plaintiff, in case of Ike Jaffe v. Rubin Lipsky, Louis Lipsky and Isidore Lipsky, trading as Lipsky Bros.   Affirmed.

Assumpsit for salary.   Before Taulane, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,083.60.   Defendant appealed.

*Errors assigned* were entry of judgment and refusal of new trial, quoting record.

*Harry Felix,* of *Illoway & Felix,* for appellant.

*David S. Malis,* for appellee.

Per Curiam, January 3, 1928:

This action was instituted to recover salary for personal services, under a written agreement employing plaintiff as a clothing designer for a fixed period at a stipulated salary.   According to plaintiff, defendants breached the contract of employment by discharging him; while defendants say plaintiff left of his own accord.   This and other issues between the parties were submitted to the jury, which found for plaintiff in the sum of $3,083.60.   Judgment was entered on the verdict, and defendants have appealed.

Appellants state two questions involved: (1) Did the trial court err in permitting plaintiff to testify as to the cost of trips made by him, within the contract period, after his discharge, to various clothing centers, when seeking employment?   (2) Did the court err in dismissing defendant's motion for a new trial?

The first of the above questions lacks merit, and, moreover, it is not supported by a proper assignment of error; nor does this record disclose abuse of discretion on the part of the court below, which is the only contention for decision under the second question involved.

There is no point in the case the discussion of which would serve any useful purpose. We take occasion to state, however, that appellants who simply file assignments, like those now before us, complaining of the entry of the judgment and the dismissal of a motion for a new trial, cannot be heard to complain of particular rulings on evidence; such rulings, if deemed harmful, must be assigned separately, and each assignment of this character must show an exception entered at the trial: McKee v. Ward, 289 Pa. 414, 418.

The judgment is affirmed.