## Selden *versus* Neemes.

*Affidavit of Defence, when sufficient.*

An affidavit of defence is sufficient if it set forth in words or by necessary inference therefrom, the indispensable elements of a good defence.

ERROR to the Common Pleas of *Allegheny county.*

This was an action brought by William Neemes against George Selden, on a promissory note drawn by William P. Shattuck, dated September 10th 1861, for $200, payable in four months to the order of A. H. Rowand, Elisha Simpkins, and the defendant.

The plaintiff filed a copy of the note, with his declaration, and an affidavit of his cause of action, which was met by the following affidavit of defence:—

[Selden *v.* Neemes.]

" George S. Selden, being duly sworn, saith that he has a full and just defence to the whole of the plaintiff's claim in this case, which consists in this:

" That this affiant endorsed the note sued upon for the benefit of William P. Shattuck, and with the distinct understanding that said note should be used for the purpose of purchasing from or paying Elisha Simpkins for certain buffers, made for William P. Shattuck by said Simpkins under patent of A. H. Rowand; that said note was given to said A. H. Rowand to pay said Simpkins for said buffers; that in pursuance of the arrangement and agreement aforesaid, said Rowand gave said note to said Simpkins, who thereupon claimed to hold said note as a credit on running account of said Rowand, and refused to deliver to said Shattuck the buffers aforesaid; that said Simpkins then endorsed away said note as collateral security for an old debt of his own; and this affiant is informed and believes and expects to prove all the facts aforesaid, and also that said note is still held by plaintiff as collateral for the debt aforesaid, and that if any transfers of said note have been made since the transfer made by said Simpkins, that they were made for the purpose of depriving this affiant of any defence he might have, and all this with the knowledge of the plaintiff, and also of those from whom he received the same.                    " GEORGE S. SELDEN.

" Sworn to and subscribed before me, this 1st of April 1862.
                    " HENRY EATON, Prothonotary."

"A. H. Rowand, being sworn, saith that he gave information of the above facts to Mr. Selden, and that they are true to the best of his knowledge and belief, and further saith not.
                    "A. H. ROWAND.

" Sworn to and subscribed this 1st April 1862.
                    " HENRY EATON, Prothonotary."

On the 5th of April 1862, the court granted a rule on the defendant to show cause why judgment should not be entered against him for want of a sufficient affidavit of defence. On hearing, the rule was made absolute, which was the error assigned on writ of error by defendant.

*J. H. Baldwin,* for plaintiff in error.

*James H. Hopkins,* for defendant in error.

The opinion of the court was delivered at Pittsburgh, November 6th 1862, by

WOODWARD, J.—The question here is upon the sufficiency of the affidavit of defence. It sets forth, in very concise terms, that the defendant was an accommodation endorser of the note

[Selden *v.* Neemes.]

in suit; that it was endorsed with a distinct understanding that it was to be paid to Elisha Simpkins for certain buffers made by him for the drawer; that the note was given to Rowand to pay Simpkins for the buffers; "that in pursuance of the arrangement and agreement aforesaid, said Rowand gave said note to Simpkins, who thereupon claimed to hold said note as a credit on a running account of Rowand, and refused to deliver to said Shattuck the buffers aforesaid."

Now the necessary inference from this language is, that Simpkins received the note with full knowledge of the purpose for which it had been made and endorsed. It is expressly declared that Rowand gave him the note in pursuance of the arrangement; and if it was given, it must have been received, in pursuance of that arrangement, and if so received, then Simpkins had notice of the arrangement. "Thereupon," that is, upon receiving it with notice of the arrangement, he refused to deliver the buffers. Such is the affidavit. It is to be taken least favourably to the party making it, for he is presumed to have sworn as hard as he could with a good conscience; but it is no fault that it is expressed in brief and comprehensive language, if it contain the necessary elements of a good defence. And we think it does. If the defendant can persuade a jury of what is alleged in the affidavit, that Simpkins received the note in payment for the buffers, and then refused to deliver them, we think he ought to have the chance.

It is of no consequence that the suit is in the name of Neemes, for the affidavit alleges that he holds it merely as collateral for an old debt of Simpkins, which is to allege that Simpkins is the beneficial party in the suit. If Neemes so holds the note, he is suing it for the benefit of Simpkins, and the defence is as appropriate as if Simpkins, and not Neemes, were the plaintiff named on the record.

It is unnecessary to go into the question whether Neemes, if he took the note in payment of an old debt, could be a *bonâ fide* holder, because, according to the affidavit, Simpkins has never parted with the property in the note, but has only pledged it as a collateral.

The judgment is reversed, and a *procedendo* is awarded.