## Coral Gables, Inc., Appellant, v. MacBroom.

Argued March 20, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Harold F. Mook,* for appellant.

*Henry MacDonald,* with him *Gunnison, Fish, Gifford & Chapin,* for appellee.

PER CURIAM, April 10, 1933:

Plaintiff appeals from the refusal of the court below to enter judgment for want of a sufficient affidavit of defense in an action of assumpsit. The statement of claim alleges plaintiff is the holder of defendant's promissory note endorsed in blank by the payee before maturity. The affidavit of defense admits the execution of the note but denies the obligation was acquired by plaintiff before maturity and sets up a failure of consideration.

It is not alleged that plaintiff purchased the note from a holder in due course and there are no endorsements on the instrument subsequent to that of the payee. To be a holder in due course or to obtain the rights of a holder in due course, plaintiff must have obtained the instrument before maturity: Section 52, Negotiable Instruments Law, 1901, P. L. 194. If the note was acquired by plaintiff after maturity, it is subject to the same defenses as in the hands of the payee. The question of whether plaintiff obtained the note before it was overdue is accordingly a vital issue in the case, which, being denied by defendant, precludes entering judgment on the pleadings. We have frequently stated that summary judg-

ment will not be awarded where the case is not clear and free from doubt: Pyles v. Bosler, 308 Pa. 297; Rodgers v. Mann, 307 Pa. 452. This case is clearly within that rule.

The order of the court below is affirmed.