Farrell et al., to use, *v.* North Scranton Bank & Trust Co., Appellant, et al.

Argued January 22, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*Cornelius B. Comegys,* for appellant.

*Francis B. Bracken, Ralph W. Rymer, Roswell H. Patterson,* and *M. J. Martin,* for appellee, were not heard.

PER CURIAM, January 30, 1934:

On rule taken by the original defendant in this case, the court below refused to enter judgment for want of a sufficient affidavit of defense against the additional defendant and in favor of the original defendant.

The proceeding was brought to recover from the North Scranton Bank & Trust Co., drawee (appellant here), on sixty-five checks, aggregating $61,148, drawn by plaintiff over a period of more than five years to the order of the use-plaintiff or its predecessor, on which the indorsement of the payee's name is alleged to have been forged. The original defendant by sci fa. brought in as additional defendant the First National Bank of Scranton, appellee. The checks bearing the alleged forged endorsements had been deposited for collection in the latter institution and had been sent through the clearing house by it in the usual course of business. The proceeds thus obtained were credited to the account of the depositor and withdrawn from time to time by him. Both the original defendant and the additional defendant denied forgeries had been committed as alleged, and also denied other facts averred in the state-

ment of claim. Both defendants further set up as a defense that plaintiff was estopped from right of recovery by reason of laches and negligence in not discovering the alleged forgeries and promptly notifying the banks involved, and the additional defendant, the First National Bank of Scranton, asserts this defense against the original defendant as well as against the plaintiff.

Obviously, the question of the liability of the defendants, respectively, is not one clear and free from doubt, but requires inquiry into the facts, and as the court below in its opinion says, "no one can tell the exact facts that may be established." The motion of the original defendant for summary judgment was properly refused: Brannen v. Granite-Silberstein B. & L. Assn., 310 Pa. 278, 280; Coral Gables, Inc. v. MacBroom, 311 Pa. 183.

The order of the court below is affirmed.