## HART v. STEVENS.
### No. 4104.

District Court, M. D. Pennsylvania.
May 27, 1938.

Leon M. Levy, of Scranton, Pa., for plaintiff.

Wm. J. Fitzgerald, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

This is a rule to show cause why judgment should not be granted for want of a sufficient affidavit of defense. The action is assumpsit brought to recover an amount alleged to be due the plaintiff on a note given by defendant, a married woman, to the Union National Bank of Scranton, Pennsylvania.

The pleadings consist of a statement of claim, an affidavit of defense pleading new matter, a reply to new matter and a petition for judgment for want of a sufficient affidavit of defense, upon which the rule now under consideration was granted.

It is well settled that plaintiff may obtain a rule for judgment for want of a sufficient affidavit of defense even though he has filed a reply to new matter. Hess v. Merion Title & Trust Company of Ardmore, 317 Pa. 501, 177 A. 53.

Eight reasons are given for the alleged insufficiency of the affidavit of defense. The first five allege in substance that the statements of the affidavit of de-

fense and new matter are vague and not pleaded with the detail and particularity required by the Practice Act of 1915, P.L. 483, § 5, 12 P.S.Pa. § 386. This claims a formal defect which cannot be taken advantage of by a motion for judgment for want of a sufficient affidavit of defense under Section 17 of the Practice Act, 12 P.S.Pa. § 735. A motion to strike off or a rule for a more specific statement of the defense should be used when the affidavit of defense is vague or uncertain. Rumsey Electric Co. v. Keystone Furniture Co., Inc., 14 Pa.Dist. & Co. R. 291.

The sixth, seventh and eighth reasons allege in substance that defendant, having admitted that the original note which evidenced the obligation upon which the action is based was renewed on several occasions, and having admitted that payments were made on the principal thereof and having admitted that part of the original note was based upon her own indebtedness, is now estopped from pleading The Married Woman's Act of 1893, P.L. 344 as a defense. This act, section 2, 48 P.S. Pa. § 32, provides that a married woman cannot become accommodation endorser, maker or surety for another. If a contract comes within the prohibition of this act, the disability is absolute and the transaction void and the doctrine of estoppel cannot be invoked. Sears v. Birbeck, 321 Pa. 375, 184 A. 6. Therefore, the sixth, seventh and eighth reasons are without merit.

In any event, judgment for want of a sufficient affidavit of defense will not be ordered when a material averment on which a plaintiff's right to recover judgment depends is sufficiently denied as to raise an issue of fact. Odessa Ind. Benef. Ass'n v. Stechert B. & L. Ass'n, 107 Pa. Super. 177, 163 A. 32. Furthermore, such judgment should only be entered when the case is clear and free from any doubt whatsoever. Farrell v. North Scranton Bank & T. Co., 314 Pa. 29, 170 A. 280.

In the case now under consideration, the plaintiff in the second paragraph of the answer to new matter denies that the obligation out of which the action arose was not the obligation of the defendant as is alleged in paragraph nine of the affidavit of defense. This raises an issue of fact and does not leave the case clear and free from doubt. Therefore, the motion must be denied and the rule discharged.

And now, May 27, 1938, the motion for judgment for want of a sufficient affidavit of defense is denied and the rule granted thereon is discharged.