## MASSACHUSETTS BONDING & INS. CO. v. HARRISBURG TRUST CO.

No. 4159.

District Court, M. D. Pennsylvania.

Aug. 6, 1938.

.Braddock & Sohn, of Harrisburg, Pa., for plaintiff.

Snyder, Hull, Leiby & Metzger, of Harrisburg, Pa., for defendant.

JOHNSON, District Judge.

This is a motion for judgment for want of a sufficient affidavit of defense. The action is assumpsit to recover five thousand dollars, five years annual premium on a bond given by the plaintiff to the Commonwealth of Pennsylvania to secure deposits of the Commonwealth in defendant trust company. The motion alleges in substance that the affidavit of defense is insufficient because it is vague, evasive, inadequate and sets forth conclusions of law.

Plaintiff alleges in the statement that defendant has never furnished any evidence to plaintiff of its discharge or release of liability on the bond as required by the contract. The contract requires payment of premiums, "until said Company shall, in the manner provided by law, be discharged or released from any and all liability and responsibility under said bond and all matters arising therefrom, and satisfactory legal evidence of such discharge or release be served on said Company."

Defendant in the affidavit of defense admits that the premiums in question were not paid, but avers that on October 19, 1932, plaintiff gave notice to the Commonwealth, the obligee on the bond, that if it did not forthwith collect all moneys and deposits covered by the bond from the defendant trust company, it would hold itself "absolved from all liability for, or on account of, its obligation under the bond."

Defendant further avers·that pursuant to this notice the Commonwealth withdrew all deposits covered by the bond, that the bond is now in' defendant's possession, that the defendant has furnished a new bond to protect deposits of the Commonwealth, and that plaintiff has been given notice of these facts.

Plaintiff urges that even though the above facts are admitted, the affidavit of defense is insufficient. On the other hand, defendant contends (1) that these facts operate as a waiver of the provision of the contract requiring·defendant to furnish plaintiff with satisfactory evidence of its discharge; (2) that the bond was terminated when the Commonwealth withdrew its deposits in accordance with plaintiff's notice; and (3) that the termination of the contract ended the obligation to`pay further premiums.

The provision in the contract that the defendant should continue liable for premiums on the bond until the plaintiff should be furnished with satisfactory legal evidence of its discharge from liability does not apply to the case where, as is alleged in the case at bar, the surety on its own initiative acts to terminate further liability regardless of the wish or consent of the principal. National Surety Co. et al. v. Stallo, 171 App.Div. 206, 156 N.Y.S. 988; Id., 226 N.Y. 707, 123 N.E. 880. In such case, the surety waives its right to require evidence of discharge.

Notice such as was·given in the case at bar of intention on the part of the surety to terminate further liability on a bond covering bank deposits of the Commonwealth is not, in itself, sufficient to discharge the obligations of the surety.

Commonwealth ex rel. v. National Surety Co. et al., 310 Pa. 108, 164 A. 788, 89 A.L.R. 564. Where the Commonwealth consents, however, and complies with the terms of the notice, the contract is terminated and such termination constitutes a valid defense to an action against the principal for the payment of subsequent premiums.

Thus, material averments, upon which plaintiff's right to recover judgment depends, are controverted and issues of fact are raised by the affidavit of defense. Under these circumstances, summary judgment cannot be entered. Farrell v. North Scranton Bank & T. Co., 314 Pa. 29, 170 A. 280. If plaintiff wishes a more detailed or particular affidavit of defense or wishes to claim a formal defect it should have asked for a rule for a more specific statement of the defense, or a rule to strike off. Hart v. Stevens, D. C., Middle District of Pa., 23 F.Supp. 481.

There is another circumstance which prevents the entry of judgment for want of a sufficient affidavit of defense. Defendant has filed a set-off or counterclaim which alleges that on December 6, 1932, it paid in advance the annual premium on the bond in question and that the bond was cancelled on December 12, 1932, as set out above. Defendant then claims the unearned portion of the premium from December 12, 1932 to December 6, 1933. The set-off or counterclaim was properly endorsed with notice to plaintiff to reply within fifteen days as required by Section 15 of the Practice Act, 12 P.S.Pa. § 451, and service was accepted by plaintiff on March 12, 1938. However, no reply has been filed to the set-off. This set-off or counterclaim goes to the very heart of plaintiff's cause. Therefore, the motion for judgment is premature. The requirement of Section 15 that plaintiff file a reply to defendant's set-off or counterclaim is mandatory and where the set-off or counterclaim, if established, would defeat the plaintiff's cause of action, a motion for judgment for want of a sufficient affidavit of defense cannot be used as a substitute for a reply to the set-off or counterclaim. Sturtevant Company v. York Card and Paper Company, 27 Pa.Dist.R. 549.

The motion for judgment for want of a sufficient affidavit of defense is dismissed, and plaintiff is allowed fifteen days in which to file a reply to the set-off or counterclaim.