## MASSACHUSETTS BONDING & INS. CO. v. HARRISBURG TRUST CO.
### No. 4159.

District Court, M. D. Pennsylvania.
June 23, 1939.

Braddock & Sohn, of Harrisburg, Pa., for plaintiff.

Snyder, Hull, Leiby & Metzger, of Harrisburg, Pa., for defendant.

JOHNSON, District Judge.

This is a motion for a more specific statement of defendant's affidavit of defense, and for a more specific statement of defendant's counter-claim. Prior to these motions, the case was considered by this court on a motion for judgment for want of a sufficient affidavit of defense, and an opinion filed thereon, August 6, 1938, dismissing the petition. 24 F.Supp. 269. The facts are fully set forth in that opinion, and the legal questions raised carefully considered.

The present motion was filed before the effective date of the Rules of Civil Procedure for District Courts of the Unit-

ed States, 28 U.S.C.A. following section 723c, but was argued thereafter. Therefore, the motion will be treated as a motion for a bill of particulars under the new rules.

The motion is governed by Rule 12(e), which provides:

"(e) *Motion for More Definite Statement or for Bill of Particulars.* Before responding to a pleading or, if no responsive pleading is permitted by these rules, within 20 days after the service of the pleading upon him, a party may move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just. A bill of particulars becomes a part of the pleading which it supplements."

The Plaintiff's motion requests the following items:

1. The amounts and dates of deposits made by the Commonwealth of Pennsylvania in the defendant bank subsequent to the service of the cancellation notice on October 19, 1932.

2. Whether there was any agreement, oral or written, between the defendant and the Commonwealth of Pennsylvania respecting the deposits covered by the bond after receipt of the cancellation notice.

3. The balance of the Commonwealth's deposits in defendant bank on November 21, 1932, and the date and amount of each withdrawal thereafter.

4. The date, and circumstances of the delivery of the depository bond by the Commonwealth to the defendant, as alleged in paragraph 14 of the affidavit of defense.

5. Whether the bond had been cancelled at or before the time of delivery by any formal action on the part of the Commonwealth.

6. The identity of plaintiff's agent with whom the conversations and discussions referred to in paragraph 15 of the affidavit of defense were had.

7. When the additional security referred to in paragraph 15 of the affidavit of defense was furnished, what it consisted of, and whether there was any specific agreement, oral or written, between the defendant and the Commonwealth that such additional security was intended to replace plaintiff's bond.

All of the above particulars either request the production of evidence and proof of the ultimate facts, or a judicial interpretation of the substantive law involved. Evidence and proof cannot be made a part of the pleadings under Rule 12(e), thereby destroying the fundamental distinction between the ultimate facts, which alone should be pleaded, and the evidence and proof upon which these facts are based. Jessup & Moore Paper Co. v. W. Va. Pulp & P. Co., D.C., 25 F.Supp. 598.

The substantive law with reference to the facts alleged in these pleadings was discussed fully in the former opinion of this court, which dismissed the motion for judgment for want of a sufficient affidavit of defense.

While a bill of particulars is not proper under the circumstances, it appears that under the Federal Rules of Civil Procedure the desired relief may be obtained by interrogatories under Rule 33, or by taking the deposition of some officer of the defendant bank under Rule 26. Under these rules, evidence and information may be obtained which tends to narrow the issues to be determined at the trial. The pleadings, however, should not be unnecessarily complicated by bills of particulars, which merely constitute proof and evidence of the essential facts.

And now, June 23, 1939, it is ordered that the motion for a more specific statement of defendant's affidavit of defense and for a more specific statement of defendant's counterclaim be and hereby is dismissed, and plaintiff is granted twenty days within which to file a reply to the counterclaim.