Philadelphia, Appellant, *v.* Holmes Electric Protective Company of Philadelphia.

Argued November 27, 1942; reargued April 12, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Abraham Wernick,* Assistant City Solicitor, with him *Ernest Lowengrund,* Acting City Solicitor, for appellant.

*Benjamin O. Frick,* for appellee.

OPINION BY MR. JUSTICE LINN, April 19, 1943:

Plaintiff appeals from judgment for the defendant on its affidavit of defense raising questions of law: section 20, Practice Act of May 14, 1915, P. L. 483, 12 PS section 471. The suit is for money alleged to be due by an ordinance as amended.

The city, by ordinance of June 4, 1906, granted permission to defendant "to carry its wires under and beneath the highways of the City for connecting buildings occupied by its customers with its central station" and to use and operate such wires "for the purpose of conducting the business of conveying for its customers a burglar alarm, night watch and fire alarm signal system."

Section 4 provided: "The privilege hereby granted may at any time be revoked by ordinance of Councils, and shall, at all times, he exercised and maintained, subject to the approval of the Electrical Bureau and any violation of the terms of this ordinance by the said

Holmes Electric Protective Company shall be deemed and taken to work a forfeiture of the privileges hereby grante 1." Section 5 provided, inter alia, that defendant ". . . shall pay into the Treasury of the City of Philadelphia two per cent. of the gross receipts of said Corporation up to thirty thousand (30,000) dollars and three per cent. thereafter up to forty thousand (40,000) dollars, and five per cent. thereafter from all its business done in the said City of Philadelphia, . . ." The liability imposed by the ordinance was the subject of consideration in *Philadelphia v. Holmes Electric Protective Company,* 335 Pa. 273, 6 A. 2d 884.

By ordinance approved November 2, 1921, section 4, quoted above, was amended to read as follows: "The privilege hereby granted shall, at all times, be exercised and maintained, subject to the approval of the Electrical Bureau, and any violation of the terms of this ordinance by the said Holmes Electrical Protective Company, unless remedied after reasonable written notice thereof given to the said Holmes Electric Protective Company, shall be deemed and taken to work a forfeiture of the privileges hereby granted." It will be noted that the power to revoke was given up.

By ordinance approved July 8, 1937, paragraph 5 of the ordinance was amended to require the defendant to pay ". . . on the first day of August in each and every year hereafter, five per cent. of its entire gross receipts of the preceding year from the exercise, directly or indirectly, of any or all of the rights and privileges granted by this ordinance."

This statutory demurrer was to an amended statement of claim which, inter alia, recited the ordinance and amendments and claimed 5% of the gross receipts pursuant to the ordinance as amended in 1937. Plaintiff averred that the defendant paid at the rate provided in the ordinance of 1906 instead of that ordinance as amended in 1937, and claimed the difference.

In the affidavit raising questions of law the defendant made two points now to be considered: (1) that plaintiff had set forth no cause of action, (2) that the amendment of 1937 was ineffective and void as impairing the obligation of the contract.

The principal point, suggested in appellant's statement of questions involved, was that there was no consideration for the revocation in 1921 of the power to revoke originally reserved, and that it was therefore ineffective to prevent the city in 1937 from increasing the rate of rental.

If there was consideration, it is a fact which may be proved in defense and which cannot be supplied by demurrer. The fact does not appear in the ordinances themselves. If defendant relies on the fact, it has the burden of proving it. We all agree that the provision requiring the payment of $50.00 into the city treasury for printing the ordinance is not consideration for giving up the power to revoke if it was in fact given up, the Act of May 23, 1874, P. L. 230, section 5, 53 PS section 3472, requiring the payment of the cost of printing. In the former suit between the parties, referred to above, we said that "When such an ordinance is accepted and acted on by the grantee of the privilege the corporation becomes contractually bound to pay the consideration and perform the terms and conditions specified in the ordinance, and the contract thereby formed has the same legal status as any other contract."

The circumstances in which the words "may at any time be revoked by ordinance of council" contained in section 4 of the ordinance of 1906 were eliminated from section 4 of the amendment of 1921 do not appear; nor does it appear that the city received any consideration for giving away such a material and substantial reservation in its original grant of permission. We may not speculate about what might have been regarded as adequate consideration in such transactions but must leave

discussion of the subject until the parties have produced such evidence as may be relevant; for that purpose a trial is necessary. It is well settled that plaintiff shall not have judgment for want of a sufficient affidavit of defense and that a defendant shall not have judgment on a statutory demurrer unless the case is clear: *Rhodes v. Terhcyden,* 272 Pa. 397, 401, 116 A. 364. The reason for the rule is that a party shall not be deprived of jury trial where essential facts are in dispute.

Judgment reversed with a procedendo.