## Arcadia Theatre Company, Appellant, *v.* Segall.

Argued April 20, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Abraham L. Freedman,* with him *Wolf, Block, Schorr & Solis-Cohen,* for appellant.

*Francis T. Anderson,* with him *Wm. A. Gray,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 22, 1944:

This is an action in assumpsit. Suit was brought by plaintiff theatre corporation against defendant, one of its officers and directors, to recover damages arising out of his fraudulent conduct. Plaintiff was lessee of the Arcadia Theatre in Philadelphia. Under the lease, plaintiff, upon receipt of notice from its lessor that a third party had made a bona fide offer to purchase the premises, was granted the option to purchase the premises itself upon the same terms and conditions. If plaintiff failed to exercise this option within five days, lessor was free to sell the property to the third party and notify plaintiff to vacate.

In January, 1943, lessor informed plaintiff that an offer of $225,000 had been received for the property. At both an informal and formal meeting of directors of the company, held to consider what action should be taken upon the notice, defendant, as director and vice-president, deprecated the value of the property and recommended that the company should not meet the offer. The directors, however, defendant not voting, adopted a reso-

lution exercising the option to purchase the property on the same terms as the outside offer. Two days thereafter lessor notified plaintiff that the outside offer had been increased to $235,000. At another meeting of the directors of the company, resolutions were passed authorizing the officers to acquire the property at such prices and on such terms as might be necessary. Defendant objected and voted against these resolutions. The board's action was subsequently ratified at a stockholders' meeting, in spite of the opposition of defendant. Plaintiff consequently acquired the theatre from the owner for the price of $235,000.

It later appeared that defendant had made the original outside offer of $225,000, and that it was he who increased the offer to $235,000 after learning that the company had met the original proposal. As a result of his conduct in the matter, defendant was removed as a director and vice-president of the company, and the present suit was instituted.

The statement of claim avers that "The conduct of defendant in secretly seeking to acquire the premises at which plaintiff's business was located and which was essential to its operation, was in violation of his fiduciary obligation to plaintiff as well as of his implied contract properly and faithfully to perform his duties as officer and director of plaintiff." Plaintiff also alleges that if defendant had not acted in a fraudulent and wrongful manner, "plaintiff, if it had been required to purchase the Arcadia Theatre property, could have purchased the same for a price not in excess of $200,-000." As a result, plaintiff claimed $35,000 as damages.

Defendant's rule to strike off the statement of claim was overruled. Subsequently, an affidavit of defense raising questions of law was dismissed, and defendant filed an affidavit of defense to the merits. He admitted, *inter alia,* the allegation in the statement of claim, made upon information and belief, that it was he who had made the original and second outside offer to lessor but

denied categorically that plaintiff could have purchased the property "for a price not in excess of $200,000." Plaintiff's rule for judgment for want of a sufficient affidavit of defense was discharged, and the present appeal was taken.

"It is well settled that plaintiff shall not have judgment . . . unless the case is clear." See *Philadelphia v. Holmes Elec. Protective Co.*, 347 Pa. 69, 73; *Helfenstein v. Line Mount. Coal Co.*, 284 Pa. 78, 81, 130 A. 301. Summary judgment should only be awarded in those cases so free from doubt that a jury trial would be useless. See *Koehring Co. v. Ventresca*, 334 Pa. 566, 6 A. 2d 297; *Brannen v. G-S B. & L. Assn.*, 310 Pa. 278, 165 A. 239. Where an inquiry into essential facts appears necessary, a party should not be deprived of the opportunity of presenting the disputed facts to a jury.

The affidavit of defense is, in part, evasive and inadequate. However, it does deny that plaintiff was required to meet the increased offer of $235,000 in order to maintain possession of the theatre. It denies that defendant knew, as an officer and director, that it would be impossible for plaintiff to continue its business activities if the property were purchased by anyone other than plaintiff. It also denies that plaintiff could have purchased the property for a sum not in excess of $200,-000. There is sufficient conflict in the pleadings to submit the matter to a jury. As stated by the court below, "Inadequacy of a defense has never been determined by a numerical analysis of admissions. Rather, it is the policy of the courts to consider a pleading in its entirety." The adequacy of an affidavit of defense must be discovered by a perusal of the entire pleading, and not by the response to any particular allegation of the statement. See 4 Stand. Pa. Prac., p. 143, section 148. Affidavits of defense need not be drawn with such nicety that no critical skill can suggest an objection. *Brown v. Gourley*, 214 Pa. 154, 63 A. 607. It is true that the affidavit of defense in the instant case is lacking in par-

ticularity, but that is not a fault of which the defense alone is guilty. Plaintiff alleges, "on information and belief", that it could have purchased the theatre property for a price not in excess of $200,000, and the difference between this sum and the $235,000 the theatre actually cost is made the basis for its claim of damages. Plaintiff offers no factual basis for the statement that the theatre could have been purchased for $200,000, and the allegation is denied by the defendant. An issue is therefore raised which precludes summary judgment. Indeed, to grant such a judgment, the court would be compelled to decide, merely from a reading of the pleadings, that the plaintiff was telling the truth and the defendant was not. Moreover, it would be forced to accept the unsupported statement of the most interested party that the property could have been purchased for not more than $200,000. There is nothing in the statement of claim to indicate that plaintiff at any time intended or offered to buy the property for that sum, or any other sum, until notified of defendant's offer. The averment is further qualified by the statement that plaintiff could have obtained the premises for a price not in excess of $200,000, *"if it had been required to purchase."* Since there is no allegation that it *was* required to purchase at any time prior to defendant's offer, the averment of damage in the amount of $35,000 is not sufficiently definite to permit a specific denial by defendant or to justify the entry of judgment for plaintiff in that amount, without proof. Under the circumstances, *this is a matter which the jury must decide.*

Apart from the substantive questions involved at the argument on this case, we are in grave doubt as to whether or not any affidavit of defense was required: *Corry v. Pennsylvania Railroad Company,* 194 Pa. 516, 45 A. 341; *Parry v. First National Bank of Lansford,* 270 Pa. 556, 113 A. 847.

The order of the court below is affirmed.