## Weiss *v.* American Fraternity Beneficial Association, Appellant.

Argued November 21, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Louis Greenblatt,* for appellant.

*B. D. Oliensis,* with him *Philip S. Polis,* for appellee.

Opinion by Keller, P. J.:

Summary judgment, without a trial, for want of a sufficient affidavit of defense, should be entered only when on the face of the pleadings the plaintiff's right to judgment clearly appears. If it is at all doubtful, the case should go to trial.

In our opinion this plaintiff's right to such a judgment is not so clear as to warrant a summary judgment.

The action was for an endowment or death benefit of $500 which the plaintiff claimed she was entitled to be paid under Article VI, sec. 4 of the defendant association's constitution and by-laws, as the widow of a deceased member; her husband, Max Weiss, having died on October 25, 1940, while a member in good standing.

The section and article relied on was as follows:

### "Article VI

#### "DEATH CASES AND ENDOWMENT

"Sec. 4. The widow of the deceased member shall receive [as] an endowment from the Association the sum of $500. Same amount to be paid to the member whose wife died. This endowment shall be paid out not later than ninety days from the time of the death."

Anticipating the defense, the plaintiff averred that under Article XIX, secs. 1, 2, 3 and 4, amendments to the association's constitution and by-laws could only be made after certain requirements were strictly complied with;[1] that because of a failure to comply with certain

---

[1] "Section 1. Every member in good standing has a right to make a motion that certain by-laws be amended. He shall hand in such a request in writing to the Association. After this motion has been read by the Association it shall be forwarded to the Advisory Board for consideration.

"Section 2. The Advisory Board has a right to amend this request, and with a two-third majority vote in favor of it they shall bring it up at the next meeting of the Association.

"Section 3. The President shall have the request read, and order the next meeting as a special meeting, at which meeting the request shall be taken up and voted on. The Secretary shall

of said requirements, the abolition of death endowments on October 17, 1937 was illegal and improper; that an effort to rectify said illegal and improper abolition of death endowment benefits on September 18, 1938 [2] likewise did not comply with the requirements for amending the by-laws; that in consequence the association never legally abolished the death benefit endowment provided for in Art. VI, sec. 4 aforesaid, and it remained in force and effect.

Defendant filed an affidavit of defense and supplemental affidavit of defense.

It averred that the purpose and object of the association is to promote and foster a fraternal spirit and brotherly love among members of the Jewish faith, to help the needy and the deserving and to pay sick benefits; but it denied that upon the death of a member of good standing the association pays death benefits to a beneficiary in the form of a $500 endowment. It denied that section 4 of Article VI of the constitution and by-laws was in force at the time of Max Weiss' death and averred that death benefits were abolished by the defendant association on October 17, 1937 in accordance with the regular procedure and with proper notice to all members and that said Max Weiss received such notice

advise the members through the mail about the proposed amendment.

"Section 4. The member who proposes the amendment shall declare before those assembled the usefulness of this modification. The members shall debate it and the decision shall be brought out through a two third majority vote. When a motion of this kind is being discussed no motion to close the debate can be considered."

[2] "September 18, 1938. To my Brothers of the American Fraternity Beneficial Association: I hereby propose the following amendment to Article VI, Section 4, of the Constitution and By-laws of our Association: That all endowments are hereby abolished immediately upon adoption. I ask that this motion be read by the Association and forwarded to the Advisory Board for consideration. Fraternally, Wm. Goldstein Secretary."

and was fully aware that said section had been abolished. It .averred that the letter referred in the plaintiff's statement as of September 18, 1938—see note 2—was dated and presented to the association on September 19, 1937, and it specifically averred that all the requirements for the abolition of sec. 4 of Article VI were strictly complied with, and denied seriatim all the averments in the statement alleging non-compliance therewith.

It further averred (par. 21) that sec. 4 of Article VI, before its abolition on October 17, 1937, had been amended in accordance with the constitution and by-laws on several occasions by reducing the amount of the death endowment benefit payments, which action became necessary owing to the economic conditions of the times; that the last amendment to said section and article prior to October 17, 1937 had been duly adopted on February 16, 1936, and that amendment was in force from then until October 17, 1937, when death benefits were abolished; that said amendment of February 16, 1936 so adopted was as follows:

"Upon the death of a member of the Association, male or female, providing such member being in good standing on the books of the association at the time of his or her death, unless otherwise hereinafter provided for, his or her beneficiary shall receive from the Association an endowment benefit consisting of such sum of money as shall be derived from a mutual assessment of 20¢ per surviving member, male or female. The aforesaid assessment shall be levied upon the surviving members of the Association at the discretion of the Advisory Board of the Association and shall be payable to the beneficiary of the deceased member within 90 days after the aforesaid assessment shall be levied by the Association."

The court below held that all of the plaintiff's objections to the validity of the amendment abolishing sec. 4 of Article VI on October 17, 1937 were without

merit except one; but declared the amendment was illegally adopted because of non-compliance with the following provision in section 4 of Article XIX: "The member who proposes the amendment shall declare before those assembled the usefulness of this modification." The exhibits attached to the plaintiff's statement or to the supplemental affidavit of defense show that the amendment was proposed by William Goldstein, the secretary, and that, according to the minutes of the meeting at which it was considered and adopted, Brother M. Schultz, chairman of the advisory board declared the reason why the amendment should be adopted and why its adoption was recommended *unanimously* by the advisory board, to wit,

"1. The annual death rate has increased annually.

"2. The burden is too great on the members to stand the assessment and the income of the Association is small and has become smaller from time to time.

"3. There is a loss of membership because of their inability to pay the large assessment."

The minutes also showed that the motion to adopt the amendment was debated, over ten members participating, and was *unanimously* adopted. To hold that this action, fully debated and unanimously adopted, was wholly nullified because the declaration of its usefulness was made by the chairman of the advisory board, who was best fitted to explain the necessity of the amendment, rather than by Mr. Goldstein, the proposer, is sticking in the bark much too closely. The purpose of the by-law was to insure a full explanation of the reasons for the proposed change, so that the members present might vote intelligently, not to invalidate it if an i was not dotted, or a t was not crossed.

We think the supplemental affidavit of defense was sufficient in this respect, and that an amendment to the by-law duly adopted after full debate by a unanimous vote of the members present cannot be invalidated be-

cause someone other than the proposer "declared the usefulness of the modification."

Furthermore, the court wholly overlooked the averments in the 21st paragraph of the supplemental affidavit of defense. If sec. 4 of Article VI had been previously amended on February 16, 1936, that amendment would govern the amount to be recovered by the plaintiff, in the event the amendment of October 17, 1937 should be invalidated, and its provisions would have to be followed. If the amendment of October 17, 1937 was validly adopted, the prior amendment of February 16, 1936 is, of course, of no moment. The defendant did not have to present the evidence to support the averments in its affidavit of defense.

We are of opinion, however, that the ground relied on by the court below was without justification and that the judgment must be reversed.

Judgment reversed with a procedendo.

Per Curiam, January 25, 1945:

The foregoing opinion had been prepared by President Judge Keller before his death on January 16, 1945. It is now adopted and filed as the opinion of the Court.