## McRoberts, Appellant, *v.* Opfermann et al.

Argued September 29, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Martin Croissant,* for appellant.

*Zeno Fritz,* with him *Albert B. Monaco,* for appellees.

PER CURIAM, November 8, 1948:

This is an appeal from an order of the Court of Common Pleas of Allegheny County, Pennsylvania, discharging the Rule of Appellant for judgment for want of a sufficient Answer.

On April 8, 1948, the appellant filed his complaint in this action to quiet title under Pennsylvania Rules of Civil Procedure governing actions at law, rule 1061, section b-4, to obtain possession of land sold at a judicial or tax sale.

The complaint avers the sheriff sale on the judgment and execution against Frank J. Opfermann, one of the defendants herein, the purchase of the property by the appellant, due acknowledgment and delivery of the deed by the sheriff to the appellant, the recording of the same in the Office of the Recorder of Allegheny County, Pennsylvania, the giving of due notice to the said appellees as required by law to vacate and deliver possession of the property to the appellant and the appellees' omission and refusal to comply with the said notice to vacate.

Defendants in their answer did not deny these averments, but set up as new matter the defense of fraud on the part of the execution plaintiff, the execution defendant Frank J. Opfermann and David McRoberts, the plaintiff herein at the time of the sale of said property by the Sheriff of Allegheny County to the plaintiff, David McRoberts. Plaintiff contends that these matters are res adjudicata, and beyond attack in this proceeding.

The court below in its opinion said: "The case comes within the principle that 'Where a doubt exists as to whether a summary judgment should be entered, this should be resolved in favor of refusing to enter it': Chelten Avenue Bldg. Corp. v. Mayer, 306 Pa. 225; Elliott v. McGoun, 307 Pa. 185; Coral Gables, Inc. v.

MacBroom, 311 Pa. 183. The plaintiff is not entitled to judgment on the pleadings, but should file an answer to the new matter set forth in the answer of the defendants, Albert B. Monaco and Geraldine A. Monaco, his wife, so that the issues raised could be tried before the proper tribunal."

This is clearly not a case for the entry of summary judgment. The order of the court below is affirmed.