## Alexander *v.* Alexander, Appellant.

Argued March 7, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*Joseph Serling,* for appellant.

*John A. Gallagher,* with him *Gallagher & Kennedy,* for appellee.

OPINION BY FINE, J., April 20, 1949:

This is an appeal from the entry of a summary judgment against Sam Alexander, appellant, for an insufficient answer to a complaint in assumpsit filed by Gemeil T. Alexander, his wife, appellee.

Appellee's recovery of $420.00 represents seven monthly installments of sixty dollars each, for the support of their two minor children, which sums were due under a written agreement of support, executed by the parties in Miami, Florida, the present home of the appellee and the minor children. Appellant resides in Wilkes-Barre, Pennsylvania. The pertinent contractual provision with which we are here concerned provides in paragraph 2, in part, as follows: ". . . that the husband shall have the right of reasonable visitation with said children at the home of the wife or at such other places as the wife may agree." Appellant admitted the execution of the agreement, and averred in paragraph 3 of his answer that: ". . . Plaintiff has failed to comply with that portion of the alleged contract as set forth in paragraph 2 thereof, which allows the Defendant to visit with said children. Defendant further avers that he has, on or about one month after the execution of said alleged contract, called Plaintiff on the telephone and on numerous occasions thereafter tried to make arrangements to see the children but Plaintiff refused to grant this request and Defendant has subsequent to the execution of the alleged contract written to the Plaintiff on numerous occasions requesting that he, Defendant, be allowed to visit the children but the Plaintiff refused to answer his letters or grant his request to see the children. Defendant, therefore, avers that because of said refusal a material violation of said contract was made and therefore said alleged contract became null and void and of no effect."

Additional affirmative defenses were raised in *New Matter*, all of which, excepting appellee's failure to

comply with paragraph 2 of the contract, have been abandoned by appellant. Appellee filed preliminary objections to the answer which, after oral argument, were sustained by the court below. The summary judgment which was entered will be affirmed.

The appellant's answer does not set forth wherein or how the contract between the parties was breached. The averment that he tried both by telephone and by letter to make arrangements with appellee to see the children and that his requests were refused, is wholly insufficient. We are not advised of the specific arrangements which the appellant tried to make. Did appellee refuse him the right to see the children at her Miami home? The answer to that question can be found nowhere in the pleadings. Unless there was such refusal the appellee did not violate the contract. The appellant was obliged under the terms of the contract to present himself at the home of his wife, or at such other place as she may agree,[1] for reasonable visitations with his children. Of course, if the appellee had informed appellant that he would be refused visitation with his children if he appeared at her Miami home, he could avoid the contract as the law would not insist upon the performance by him of a vain act or of a useless and idle ceremony by requiring his presence at appellee's Florida home. As stated, the pleadings do not disclose such a situation.

If the appellant was refused the right of visitation with his children at his wife's home, he could have easily and tersely so pleaded. Instead, he resorted to vagueness and ambiguity because frankness was comfortless. It is fair to assume, in the circumstances presented by the pleadings in their entirety, that the appellant was groping for a defense.

We are aware that the averments of the answer must be accepted as true in passing upon the matter before us (*Caryl v. Fenner*, 306 Pa. 379, 384, 159 A. 716;

---

[1] No such agreement is averred.

*Richardson v. Savage,* 129 Pa. Superior Ct. 235, 239, 240, 195 A. 629; *First Pool Gas Coal Co. v. Wheeler Run Coal Co.,* 301 Pa. 485, 152 A. 685) and summary judgment should not be entered in doubtful cases or where an inquiry into essential facts in dispute appears necessary (*Arcadia Theatre Company v. Segall,* 349 Pa. 412, 415, 37 A. 2d 594; *Philadelphia v. Holmes Electric Protective Company of Philadelphia,* 347 Pa. 69, 73, 31 A. 2d 723; *Automobile Banking Corporation v. Williamsport National Bank,* 336 Pa. 298, 9 A. 2d 886; *Weiss v. American Fraternity Beneficial Association,* 156 Pa. Superior Ct. 488, 489, 40 A. 2d 890). Nevertheless we are persuaded by the pleadings that the appellant has no legal defense to appellee's claim and that his evasiveness was prompted by the urgency to avoid his just obligations. On the state of the record it was not error for the learned court below to enter summary judgment; the appellee's right to the judgment was clear.

Judgment affirmed.