Ungar Buick Co. to Use, Appellant, *v.* Thum et al.

Argued December 9, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUN-
NINGHAM, BALDRIGE and STADTFELD, JJ.

*Hugh D. Scott, Jr.,* for appellant.

*Earle Hepburn,* for appellee.

OPINION BY BALDRIGE, J., January T., 1932:

This action in replevin was brought to recover a Buick automobile.

The appellees' contention is that on January 25, 1926, the Freeport Flint Company, owned and operated by the defendant, Thum, and one, Wall, sold and delivered to Thum a certain Buick sedan. The appellant relies on a conditional sales contract to Thum, as vendee, dated February 1, 1926, which the Ungar Buick Company executed at Miami, Florida, covering a certain new Buick automobile, having the same motor and frame numbers, and of the same model, as the car which Thum alleged he had bought from the Freeport Flint Company. This conditional sales contract

was assigned the day of its execution to the General Motors Acceptance Corporation. On March 16, 1926, Thum applied to the state of Florida for a certificate of title, subject to an encumbrance as set forth in the conditional sales contract, in favor of the General Motors Acceptance Corporation. A certificate of title was duly issued to him on March 19, 1926. The appellant maintains that Thum, without its knowledge or that of the vendor, removed the automobile from Florida to New York and later to Pennsylvania, which constituted a default under the terms of the contract. Thum advertised a car for sale in the Philadelphia newspapers. Oram, seeing the advertisement, examined the car, which was in a public garage, and agreed, on July 9, 1926, to buy it. Before paying therefor, he employed a notary to investigate the title. Thum delivered to Oram a Pennsylvania certificate of title free of encumbrances, obtained on the bill of sale of January 25, 1926.

The learned court below refused motions of both the use-plaintiff and the defendant, Oram, for binding instructions, and submitted to the jury the issues involved. The jury found in favor of the defendant, Oram. The court refused to enter a motion for judgment n. o. v. or grant a new trial, and this appeal followed.

The Act of April 19, 1901, P. L. 88, sec. 4, regulating the practice in actions of replevin, provides that the plaintiff "shall file a declaration, verified by oath, which shall consist of a concise statement of his demand, setting forth the facts upon which his title to the goods and chattels is based." The plaintiff was not required to set up a title good against the whole world, but it was necessary for it to show a good title as against the defendant in possession: Riccardi Motor Car, Inc. v. Weinstein, 98 Pa. Superior Ct. 41.

The appellant contented itself by averring that it is the owner of the automobile in suit. No facts were

set forth in the declaration, or proven at the trial, upon which the title to the car was based, which should have been done as Oram denied the plaintiff's ownership of the car and averred, and offered evidence to show, that it was purchased from Thum, who acquired title through the Freeport Flint Company, as already stated. Possession usually follows title, which may, in certain instances, be sufficient to prove a prima facie case in favor of the plaintiff. But in view of the denial that the appellant had a valid and legal title to the car and the averment that Oram was a bona fide purchaser for value from Thum, it was incumbent upon it to prove facts upon which its title was based to justify its claim to the property: Rockwood & Co. v. Pusey, 95 Pa. Superior Ct. 129.

Assuming that the plaintiff made out a prima facie case in offering its contract of conditional sale and the certificate of title issued by the state of Florida, the court was not warranted in withdrawing the issues of fact involved from the jury in view of the defense set up. Whether or not fraud had been committed in the issuance of the bill of sale by the Freeport Flint Company to Thum was a question of fact. That instrument was regular on its face and dated prior to the conditional contract. There was no oral evidence of any unlawful action other than that the car mentioned in the conditional sales contract was removed from Florida.

True, the trial judge did not refer at length to the alleged fraudulent action of Thum, but he did, in his general charge, instruct the jury that if he acquired his title from the Freeport Flint Company by fraud, it was void. The attorney for the appellant, after the general charge, stated to the court: "Yes, but in the long run it is not so much whether Oram purchased the car in good faith, but whether there was fraud on the part of Thum in transferring the title. The Court: Yes, it is a question of fraud prior to the purchase

by Oram from Thum. I have already charged the jury that fraud affects the whole transaction, and vitiates the contract, even though it is in the hands of an innocent party." That seemed to satisfy the appellant as no further instructions were asked and no additional exceptions taken. If the appellant desired more specific instructions, it should have so requested. The testimony was irreconcilable and undoubtedly showed an unusual situation, but taking the record as it is before us, we find no reversible error.

Judgment affirmed.