Broderick Co. *v.* Emert, Deceased et al., Appellants.

Argued April 11, 1933.

Before Trexler, P. J.,
Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*John A. Berkey,* for appellants.

*Archibald M. Matthews,* for appellee.

Opinion by Stadtfeld, J., October 2, 1933:

This is an appeal by defendants from the judgment entered on a directed verdict in favor of plaintiffs in an action of assumpsit.

The Broderick Company, a corporation, plaintiff, entered into a written contract with John G. Emert on January 15, 1929, for the sale and delivery of certain calendars with defendant's business and trade-name of his chick hatchery printed thereon.

Plaintiff's statement set forth the contract in question, with copy attached, providing for the sale and delivery of 250 calendars by plaintiff to defendant for the year 1930, and a like and equal number for each of the years 1931, 1932, 1933 and 1934, at certain prices specified therein; that on or about November 1, 1929, it delivered to defendant the calendars for the year 1930, which the defendant received, accepted and retained; that on October 7, 1930, defendant

notified plaintiff in writing that he would not accept or pay for any of the calendars; that the calendars were made specially for defendant, and that the latter refused to accept any further shipments on account of the contract and has refused to pay any sum on account of the same. Plaintiff claimed the sum of $56 on account of calendars shipped for the year 1930; $8.81 freight charges on account of said calendars; $60 loss sustained by plaintiff by reason of defendant's refusal to comply with the contract; $42 salesman's commission obliged to be paid by plaintiff; $16.80 profit lost by plaintiff on said transaction; making a total of $177.81.

Affidavit of defense was filed by defendant on May 5, 1932, denying the contract in form as per copy attached to plaintiff's statement, and averring a fraudulent change by plaintiff after the execution of the same by defendant, Emert, by adding thereto the provisions for shipments for the years 1931, 1932, 1933 and 1934; averring that within a reasonable time after receiving the shipment of 250 calendars in November, 1929, on observing that the advertising matter was not in accordance with the order, he returned the said 250 calendars and rescinded the contract signed by him; that the said calendars were received in a package by freight in November, 1929, and were designed for use during 1930; that the package was not opened until about January 1, 1930, when the error in the printed advertising matter was discovered and that thereupon defendant gave notice to plaintiff that he desired to return said calendars as they were of no value to him, and requested shipping instructions; that later payment was demanded for said calendars and that on October 7, 1930, he again gave notice that he would not accept and pay for said calendars and then returned them without shipping instructions. Defendant further denied each and every other item

of the alleged indebtedness claimed in plaintiff's statement.

Defendant died on May 12, 1932 and defendant's executrices were substituted. The case came to trial on November 29, 1932, before Boose, J., and a jury. Plaintiff proved and offered in evidence the original contract and the portions of plaintiff's statement not denied by the affidavit of defense. The trial judge admitted, over objections ex parte defendants, the depositions of William A. Repke, who deposed that he has been connected with plaintiff company since its organization, as a stockholder, director and officer, and for more than five years last past has been its president and general manager. The witness deposed, inter alia, to his familiarity with the account of John G. Emert with the plaintiff company and how the balance shown thereby was made up; that all of the 1,250 calendars embraced in the contract were manufactured in exact accordance therewith, and the shipment of the first installment of 250 calendars for 1930 in the year 1929; that in September, 1930, defendant notified plaintiff of the error in the printing matter on the calendars, and that plaintiff offered to reprint the 1930 calendars and that defendant then shipped to plaintiff 128 of the 1930 calendars and plaintiff reprinted the advertising matter thereon and attached calendar pads to them for the year 1931, and shipped them to defendant late in the year 1930 when they were refused by defendant. The witness also deposed in detail to the loss sustained by plaintiff as a result of the alleged breach by defendant's testator. No testimony was offered ex parte defendant. The court below refused defendant's request for binding instructions, and directed a verdict in favor of plaintiff for the full amount of plaintiff's claim. Motions for new trial and for judgment non obstante veredicto were

overruled and judgment entered in favor of plaintiff. From that judgment this appeal is taken.

The controlling question raised under the several assignments of error relates to the competency of William A. Repke, a stockholder, director and officer in plaintiff corporation, to testify on behalf of plaintiff to matters occurring in the lifetime of John G. Emert, represented on the record by his executrices who were substituted prior to the trial of the case. The depositions of Repke were taken on September 2, 1932, Emert having died May 12, 1932.

The Act of May 23, 1887, P. L. 158, Section 5 (e) provides as follows: "Nor, where any party to a thing or contract in action is dead......and his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record, who represents his interest in the subject in controversy, shall any surviving or remaining party to such thing or contract, or any other person whose interest shall be adverse to the said right of such deceased.......party, be a competent witness in any matter occurring before the death of said party......"

It is evident that The Broderick Company is the surviving party to the present action, and that John G. Emert is the other party and that he is deceased and that by act of the law his interest in the subject matter in controversy is now represented on the record by the executrices of his estate. The Act of 1887, insofar as its provisions apply to the circumstances of this case, clearly makes the surviving party to the contract incompetent to testify to any matter occurring in relation thereto before the death of the other party. The surviving party is a corporation, and the question is whether a stockholder therein is a person whose interest is adverse to the right of the deceased party.

Two classes of witnesses are disqualified under

clause (e) of the Act of 1887: (1) surviving or remaining parties to a thing or contract; (2) any other person whose interest shall be adverse to the right of a deceased party. The adverse interest existing at the time a witness is called to testify is the test of his competency. It is the adverse interest of the witness, and not his adverse testimony that disqualifies him: First Nat. Bank of Bloomsburg v. Gerli, 225 Pa. 256. It must be an interest that the judgment in the case would operate upon; for if by the event he would neither acquire nor lose a right, nor incur a responsibility which the law recognizes, he is competent: Dickson et ux. v. McGraw Bros., 151 Pa. 98.

In Whitehouse's Estate, 18 D. & C. 558, GANGLOFF, P. J., has in a very able and learned opinion reviewed the legislation prior to the Act of 1887, as also the decisions before and since, and held a stockholder incompetent:

"In an action by the assignee for the benefit of creditors of the Scranton City Bank on a bond conditioned for the faithful performance of the duties of its vice-president, against the respective estates of the principal and two of the sureties, all of whom had died before trial, a stockholder in the bank at the time the assignment was made was recognized to be incompetent to testify to matters which occurred during the lives of the deceased parties: Gunster v. Jessup, 196 Pa. 548.

"In a claim for rent by a corporation of the first class against its deceased tenant's estate, a trustee, treasurer and member of the corporation plaintiff is not a 'disinterested witness' and, therefore, is not competent to testify as to matters occurring in the tenant's lifetime: Aquetong Hall Ass'n v. James, 100 Pa. Superior Ct. 440, citing Crozer's Estate, 296 Pa. 48.

"The fact that a stockholder has a vested interest

in the event of a suit such as we are considering here, in which the corporation is a party, is recognized in Isenberg v. Huntingdon Millwork & Lumber Co., 62 Pa. Superior Ct. 491, 496, although in that case the incompetency of the stockholder was removed by the sale of his stock before he was called as a witness.

"In Fritz's Estate, 17 Berks Co. L. J. 223 (1925), the same question arose as we have here, and the court held that "a stockholder of a corporation which had contracted with a decedent during his lifetime, is not competent as a witness on behalf of the corporation in proving a claim against such decedent's executor for breach of contract," citing Foster v. Collner et al., 107 Pa. 305; Arrott Steam-Power Mills Co. v. Way Mfg. Co., 143 Pa. 435; Hamill v. Supreme Council of the Royal Arcanum, 152 Pa. 537; Gunster v. Jessup, supra, Isenberg v. Huntingdon Millwork & Lumber Co., supra.

"In Keystone Mercantile Co. v. Kuntz, Admin'x, 20 Dist. R. 985, the court held that under section 5, clause (e), of the Act of May 23, 1887, P. L. 158, a stockholder of a corporation has such an interest as to disqualify him as a witness where his company is a party to the record and the other party to the thing or contract in action is dead." To the same effect is Greensburg B. & L. Ass'n v. Bates, 19 Dist. R. 224: Whitehouse's Estate, 18 D. & C. 558.

While there are some authorities to the contrary, a careful examination leads us to conclude that the great weight of authority is against the competency of the stockholder under the circumstances of this case. It also seems correct in principle. "At common law, the stockholder, on account of his interest in the corporation, was not a competent witness for the corporation in a suit in which the corporation was a party": Cook on Corporations, (8th Ed.), Sec. 11. Under the Act of April 15, 1869, P. L. 30, covering the compet-

ency of witnesses, it was provided, inter alia: "That no interest nor policy of law shall exclude a party or person from being a witness in any civil proceeding: Provided, ...... this act shall not apply to actions by or against executors, administrators or guardians, nor where the assignor of the thing or contract in action may be dead." The Supreme Court, in interpreting that Act in Foster v. Collner et al., supra, held that a stockholder in a corporation was incompetent to testify to anything which occurred during the lifetime of the other party who was deceased. In that case the Supreme Court said, quoting Karns et al. v. Tanner, 66 Pa. 297, "Where one of two parties to a transaction is dead, the survivor and the party representing the deceased party, stand on an unequal footing as to a knowledge of the transaction occurring in the lifetime of the deceased. The enacting clause (Act of 1869) had opened the lips of all parties, but when death came it closed the lips of one, and evenhanded justice required the mouths of both to be sealed."

· "The great weight of authority is to the effect that a stockholder in a corporation is a party in interest and that he is, therefore, disqualified to testify, in an action between the corporation and an executor or administrator as to transactions or communications with the deceased. Thus, it has been held that a stockholder in a corporation, though acting in the capacity as manager or superintendent, cannot be heard to give in evidence a conversation with a deceased employee upon matters material to the issues in litigation against the corporation for wrongfully causing his death": 28 Ruling Case Law, page 507, Sec. 94 on page 508.

The authorities cited sustain the defendants' position that the court erred in receiving the testimony of William A. Repke. The lower court cites, contra,

American Life Insurance and Trust Company v. Shultz, 82 Pa. 46; Sargeant v. National Life Insurance Company, 189 Pa. 341. In each case the witness was a mere employee. In Gill's Estate, 268 Pa. 500, the witness was an attorney who drew up an agreement and was a subscribing witness to the document, again, a mere agent of the principal; Dillon's Estate, 269 Pa. 234, is a case of an agent employing an attorney for the principal; in Danish Pride Milk Products Company v. Marcus, 272 Pa. 340, it was held the vendee of personal property is a competent witness, notwithstanding the principal's agent, with whom the vendee contracted is deceased, as the agent was in no wise interested in the contract or in the suit and not a party to the record; Canon v. Pennsylvania Trust Company, Admr., 305 Pa. 422, is a case of a manager of the plaintiff, who was a salaried employee, with no interest in the plaintiff's business. None of the cases upon which the court below relies is in point under the undisputed facts of this case.

While the Act of May 23, 1887, P. L. 158 made all persons competent except those specifically declared to be incompetent, and under it competency became the rule and incompetency the exception, we do not think that the policy of the law as theretofore declared has been changed thereunder. Until the legislature in plain terms indicates otherwise, we must follow the weight of authority as indicated in the cases to which we have referred. We must therefore hold that William A. Repke, a stockholder in plaintiff corporation, and a witness on its behalf, was incompetent to testify as to matters occurring in the lifetime of John G. Emert, the other party to the contract, now deceased. Without the testimony of the said Repke we do not think a prima facie case was made out by plaintiff.

The assignments of error are sustained, the judgment reversed and a venire facias awarded.