Koehring Company *v.* Ventresca, Appellant.

Argued April 19, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Walter B. Gibbons,* for appellant.

*George M. Miller, Jr.,* with him *Conard & Middleton,* for appellee.

Per Curiam, May 15, 1939:

The sole issue to be determined in this case of replevin for a clam-shell crane was one of title and right of possession.[1] All extraneous matters may be treated as surplusage: *Blossom Prod. Corp. v. Natl. Underwear Co.,* 325 Pa. 383, 387. Appellee claimed title under the terms of a bailment lease, and the right to possession because of appellant's default. The latter did not simply deny this allegation generally, (for that would be insufficient, *Jones et al. v. Dubuque F. & M. Ins. Co.,* 317 Pa. 144, 147), but specifically asserted title by virtue of a separate agreement of sale at a later date, describing the terms thereof. Although it was not stated whether the agreement of sale was written or oral, and the name of the agent who acted for appellee was not given, these omissions were not sufficient to warrant a summary judgment for want of a sufficient affidavit of defense; under the circumstances, these were defects of form.

A court should never award a summary judgment in any case unless it is free from doubt, and one in which

---

[1] See *Lee-Strauss Co. v. Kelly,* 292 Pa. 403, 406; *Blossom Prod. Corp. v. Natl. Underwear Co.,* 325 Pa. 383, 386; *MacDonald v. Leverington Const. Co.,* 331 Pa. 381, 383.

a jury trial would be useless. As stated in *Helfenstein v. Line Mount. Coal Co.*, 284 Pa. 78, 81, "judgment for want of a sufficient affidavit of defense should not be ordered except in clear cases."[2]

Judgment reversed with a venire.

---

[2] See also *Eizen v. Stecker, Inc.*, 295 Pa. 497, 500; *Davis et al. v. Investment Land Co.*, 296 Pa. 449, 453; *Ross v. Leberman et al.*, 298 Pa. 574, 576; *Ottman et al. v. Nixon-Nirdlinger et al.*, 301 Pa. 234, 244; *Chelten Ave. Bldg. Corp. v. Mayer*, 306 Pa. 225, 227; *McSorley v. Little et al.*, 307 Pa. 316, 319; *Flinn et al. v. 339 Fifth Ave. Land Co.*, 309 Pa. 247; *Stevens v. Smith*, 310 Pa. 287; *Coral Gables, Inc., v. MacBroom*, 311 Pa. 183; *Chase Nat. Bk. v. Krouse*, 316 Pa. 283; *Peabody v. Carr*, 316 Pa. 413, 416.