Royal Batting and Felting Company, Inc., Appellant, *v.* Klein, Admrx. et al.

Argued December 15, 1941.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Rhodes, Hirt and Kenworthey, JJ.

*Daniel L. McCarthy,* with him *George Weitzman,* for appellant.

*Israel Krohn,* for appellee.

Opinion by Cunningham, J., July 23, 1942:

On October 19, 1938, Joseph Klein, a resident of Brooklyn, N. Y., employed as a travelling salesman by Royal Batting and Felting Company, Inc., also of that city, died at Wilson Borough, Northampton County, Pennsylvania, while engaged in the furtherance of the business of his employer. At the time of his death he had at least a qualified property in a certain 1938 Ford Coach and was in actual possession thereof. The plaintiff company, claiming title to and the exclusive right to possess the vehicle, issued a writ of replevin out of the court below against his widow, Nora Klein,

naming her as administratrix, and against Albert Merkin, a garage owner in Wilson.

In connection with the praecipe for the writ, filed October 31, 1938, Jacob Kasten, president of the plaintiff company, executed and filed with the Prothonotary, as required by Sections 1 and 8 of the Act of April 19, 1901, P. L. 88, 12 PS §§1824, 1842, a bond in the sum of $900, verified by his affidavit that the value of the automobile at the time the writ issued was $450. The amendment of March 19, 1903, P. L. 39, to Section 8, does not affect this case. The sheriff returned that he had replevied the car, then in the possession of Merkin, and delivered the same to the plaintiff on November 3, 1938. Merkin neither entered an appearance nor claimed any interest in the automobile.

The case proceeded to trial before McCLUSKEY, P. J., and a jury, upon an amended declaration and the affidavit of defense thereto. At the conclusion of the testimony the trial judge refused the plaintiff's point for binding instructions and granted a similar one submitted in behalf of Nora Klein, saying: "That point is affirmed, but with the qualification that the verdict is to be in favor of the defendant Nora Klein, representing the estate of Joseph Klein, in the sum of $450." Plaintiff filed a motion for judgment in its favor, notwithstanding the verdict, and also one for a new trial; both motions were denied by the court, in banc, and the plaintiff company now appeals, assigning as error the denial of its motions.

Under appellant's statement of questions involved, the issue before us under the motion for judgment n. o. v. is whether there was any competent evidence entitling appellant to go to the jury upon the question of its property in, and exclusive right of possession to, the automobile, and, under the motion for a new trial, whether the trial judge erred in excluding certain

offers of evidence by appellant and in directing a verdict for appellee in a specified amount.

Attached to appellant's amended declaration, as Exhibit A, was a copy of the conditional sale contract under which Joseph Klein originally came into possession of the car. It is dated January 14, 1938, and names White Auto Sales Co., Inc., of Brooklyn, as the dealer, financed by the General Contract Purchasing Corporation, and Joseph Klein as the purchaser. Following the description of the car, the terms of sale are thus set forth: "For a total time price of $878.65, payable as follows: On or before delivery $350.65, and the total deferred balance of $528 payable by the undersigned purchaser to the holder hereof at the office of General Contract Purchase Corporation, 33 West 42d Street, New York, N. Y., in installments as follows: $44 on Feb. 14, 1938, and the balance in 11 equal successive monthly installments on the same day of each month thereafter."

Another material provision of the contract was that the title to the vehicle should remain in the White Auto Sales Co., Inc., until the purchase price should be fully paid to the finance company. There is nothing in the contract indicating that any person or company, other than Joseph Klein, The White Auto Sales Co., Inc., and the financing corporation, had any interest of any kind in the automobile described therein. It is conceded there was no default up to the date of Klein's death in any of the payments provided for in the contract. The only other documentary evidence attached to the declaration consisted of six cancelled checks for the payments due March, April, May, June, July and September 14, 1938; these checks were issued by appellant, payable to the order of the financing company. With respect to them, appellee averred in her affidavit of defense that the payments evidenced thereby were made by appellant "at the request and for the con-

venience of the said Joseph Klein, ...... out of funds advanced by the said Joseph Klein, or deducted from the salaries due or advanced" to him. No checks were attached for the remaining three payments which accrued and were paid prior to Klein's death. There was oral evidence by the president of appellant, temporarily admitted, subject to the objection of appellee, that after the car had been delivered to appellant by the sheriff the remaining three payments, falling due on November and December 14, 1938, and January 14, 1939, were paid by appellant to the finance company; but, as correctly held by the court below, this testimony was immaterial as it could not affect or modify in any way the rights of the parties as they existed when the writ issued.

As the appellee pleaded property and right of possession in her decedent, appellant's title and right of possession were put in issue and it had the burden of establishing either a general or special property in the automobile and an exclusive right to its possession: *Blossom Products Co. v. Natl. Underwear Co.*, 325 Pa. 383, 386, 191 A. 40; *Automobile Banking Corp. v. Atlas Automobile Finance Corp.*, 129 Pa. Superior Ct. 501, 510, 195 A. 441; *Sork v. Label et al.*, 133 Pa. Superior Ct. 169, 2 A. 2d 521. The sole issue in replevin is one of title and right to possession: *Koehring Co. v. Ventresca*, 334 Pa. 566, 6 A. 2d 297.

The only oral evidence at the trial was that of Jacob Kasten, president of the appellant company. In an attempt to meet the burden of proof resting upon it, appellant's counsel offered to prove by this witness that he, as its president, made an oral agreement with Klein that the car should be bought for the use and benefit of appellant, but as a matter of convenience it would be purchased in Klein's name and the obligation for the payment of the consideration would be assumed by appellant. The making of any such agreement was

specifically denied by appellee in her affidavit of defense. It should also be noted in this connection that Kasten admitted (record 56a) that the initial payment of $350.65 was not paid by appellant. Appellee's counsel objected to the admission of the proposed testimony upon the ground that Kasten, being the surviving party to the alleged oral agreement and having an interest adverse to Klein whose rights had passed to his personal representative, was incompetent under Section 5, Clause (e) of the Act of May 23, 1887, P. L. 158, 28 PS §322, to testify to "any matter occurring" before Klein's death. This objection was sustained by the trial judge. As to the incompetency of a stockholder of a corporation, under such circumstances as are here present, see *Broderick Co. v. Emert, Dec'd, et al.,* 110 Pa. Superior Ct. 327, 168 A. 512; *Swoope's Estate,* 317 Pa. 584, 177 A. 748.

Kasten's pecuniary interest in the appellant corporation is clear from his own testimony; it indicates he practically owned the corporation. Excerpts therefrom read: "Q. Mr. Kasten, where do you reside? A. Brooklyn, N. Y., 888 Montgomery Street. Q. What's your business? A. Manufacturer of felt, cotton felt, for the purposes of batting and upholstery supplies. Q. Under what name do you conduct *your business?* A. Royal Batting and Felting Co., Inc. Q. What office do you hold, if any, in that corporation? A. President of the Company. ...... Q. Who has possession of that automobile now? A. *My* company has." (Italics supplied.)

As the record stood when this offer was made, we think the proposed testimony was properly excluded. Without it the most that can be said of appellant's case, as presented in the court below, is that prior to Klein's death the appellant company had paid or advanced some of the nine monthly installments of $44, each, accruing upon the car, but that Klein himself had paid

the initial payment of $350.65. Having regard to the plain provisions of the written contract of purchase, placed in evidence by appellant, and in view of Klein's clear right to the exclusive possession of the automobile at the time of his death, we are not convinced that appellant presented any evidence entitling it to go to the jury upon the question of its property in, and right to possession of, the car. If appellant made any of the installment payments out of its own money and did not charge them against Klein's salary or earnings, it may have a claim against his estate for the amount paid by it but was not entitled to seize and hold the car as against his personal representative. We are in accord with the conclusion of the court below that when the testimony closed appellant had not shown either title to, or the right to possess, the automobile.

The only additional matter requiring consideration, under appellant's statement of questions involved, is the complaint of counsel for appellant that the trial judge erred in directing a verdict for appellee in the sum of $450, instead of submitting the question of the amount she was entitled to recover to the jury. As this is a case in which the court below found the title to the car "to be in a party who [had] not been given possession of the same," the provision of Section 7 of the Act of 1901, supra, that the jury "shall determine the value thereof to the successful party," and whether such party has suffered any damages for its caption and detention, would be applicable if there had been any conflicting evidence relative to the value of the automobile. Here, there was neither any claim for nor proof of damages. As to value, there was not only no conflict in the evidence, but, in addition, an admission by Kasten that he had fixed the value of the car at $450. In the present case appellee called the president of the appellant company as her own witness. After he had identified his signature to the affidavit of ownership,

etc., accompanying the praecipe for the writ his testimony continued: "Q. You swore to that before a notary public and before the clerk or the deputy prothonotary? A. Yes, I did. Q. You swore that the value of the automobile that you replevied was $450, did you not? ...... A. Yes, sir."

In *Gibbs v. Bartlett*, 2 W. & S. 29, where final judgment was in defendant's favor, who, having given no counter-bond, brought suit on the plaintiff's bond, Mr. Justice ROGERS stated (page 35) : "The court say the plaintiff in replevin sets his own value upon the goods, and as he takes them out of the possession of a person prima facie entitled to the custody of them, and undertakes to prove a title in himself, which he subsequently fails to do, there seems no hardship in holding him to the value fixed in his writ ......"

In *Guinn v. Vitte*, 63 Pa. Superior Ct. 611, this court held it reversible error to admit in evidence *on behalf of plaintiff*, his own ex parte affidavit of value as prima facie evidence of the worth of the chattel replevied. There defendant gave a counter-bond and retained possession of the chattels in suit; the jury rendered a verdict for plaintiff. Judge TREXLER distinguished *Gibbs v. Bartlett*, [2 W. & S. 29,] as follows (page 615) : "That case decides that the plaintiff's affidavit may be used against him. That is an entirely different matter than allowing it to be used in his favor."

In other words, a plaintiff may not use for his own advantage the valuation fixed by him in his affidavit; so used, it would be merely a self-serving statement. But it may be used, as here, against him by his opponent as a declaration against interest.

We think appellant was clearly bound by the affidavit and admission of its president: *Com. v. Lintott*, 64 Pa. Superior Ct. 328; *May, Stern & Co. v. Lintner*, 67 Pa. Superior Ct. 422; and *Automobile Finance Co. v. Reese*, 73 Pa. Superior Ct. 550. Probably the most that can

be said about this case is that, as in *Brown v. Judge*, 77 Pa. Superior Ct. 106, the prevailing party did not get all she may have been entitled to. We are not convinced that the trial judge committed any error in directing a verdict for the amount conceded by Kasten to have been the value of the automobile when seized under the writ issued by him.

Upon examination of the entire record we are unable to sustain any of the assignments of error.

Judgment affirmed.