## Shapiro, Appellant, *v.* Fischman et al.

Argued November 20, 1945. Before BALDRIGE, P. J., RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*D. Arthur Magaziner,* with him *Morton Witkin,* for appellant.

*C. Brewster Rhoads,* with him *Craig M. Sharpe,* for appellees.

OPINION BY BALDRIGE, P. J., January 18, 1946:

This appeal is by the plaintiff from the order of the court below refusing to enter a summary judgment for want of a sufficient affidavit of defense.

Plaintiff sued her five brothers alleging that an oral agreement was entered into on May 13, 1935, to pay her $50 a week on account of her share in the estate of her mother, for which was substituted a written agreement dated May 8, 1940, signed by her five brothers, wherein it was agreed to pay her $65 a week for, and during, her natural life; that payments were made under the written agreement until January 13, 1945, when they breached their contract by discontinuing the payments.

Defendants in their affidavit of defense denied that they, or any of them at any time entered into an agreement to pay the plaintiff $50 or any sum on account of her share in the estate of her mother. They averred that the provision in the written instrument, whereby the plaintiff was to receive $65 per week, was a "purely voluntary undertaking of the defendants amongst themselves for the gratuitous payment of the sum stated to their sister . . ."

The 15th paragraph of the agreement provided as follows: "This agreement may be amended from time to time by unanimous agreement in writing signed by all the beneficiaries then presently interested pursuant to paragraphs 3 and 6 hereof, and such agreement shall be absolutely binding upon all of the beneficiaries hereunder as upon the Trustees hereunder." There follows an averment that pursuant to the above provision on January 15, 1945, they had signed a written amendment striking out the payment of $65 per week to the sister, who was not a party to, and did not execute, the agreement nor was she one of the "beneficiaries then presently interested."

It is apparent that the issues raised by the pleadings can only be properly solved by a trial on the merits, where an opportunity can be had to present evidence. The interpretation of the writing involved the intention of the parties, etc., and cannot be summarily adjudicated on plaintiff's motion. Following the well recognized rule that a summary judgment under section 17 of the Practice Act of 1915, as amended, 12 PS §735, should only be entered in cases that are clear and free from doubt *(Kaster v. Pennsylvania Fuel Supply Co.,* 300 Pa. 52, 150 A. 153; *Koehring Co. v. Ventresca,* 334 Pa. 566, 6 A. 2d 297; *Miller et ux. v. Wayne Title and Trust Co.,* 150 Pa. Superior Ct. 536, 29 A. 2d 206) we shall not disturb the order appealed from, nor discuss the applicable principles of law until an opportunity is had to fully develop the facts at trial.

Order of the court below is affirmed. Costs of this appeal to be paid by appellant.