Gensbigler *v.* Shawley et al., Appellants.

Argued April 19, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*James Gregg* with him *Portser, Gregg & McConnell,* for appellants.

*Henry E. Shaw,* with him *Scales & Shaw,* for appellee.

OPINION BY ROSS, J., July 23, 1948:

This is an action of replevin for certain mining equipment. The jury returned a verdict for the plaintiff and after the defendants' motions for new trial and judgment n. o. v. were refused, they took this appeal only from the refusal of the court below to enter judgment n. o. v.

In a replevin action the sole issue is one of title and right to possession (*Royal Batting and Felting Co. v. Klein, Admrx.,* 149 Pa. Superior Ct. 622, 27 A. 2d 539; *Koehring v. Ventresca,* 334 Pa. 566, 6 A. 2d 297) and all matters foreign thereto must be excluded from consideration and are not available as defenses. *Blossom Products Corp. v. National Underwear Co.,* 325 Pa. 383, 191 A. 40. The plaintiff has the burden of establishing by adequate proof such an interest in the property replevied as entitles him to exclusive possession. *McKee v. Ward,* 289 Pa. 414, 137 A. 599; *Leitch v. Sanford Motor Truck Co.,* 279 Pa. 160, 123 A. 658; *Sork v. Label,* 133 Pa. Superior Ct. 169, 2 A. 2d 521.

According to the uncontradicted testimony—the defendants called no witnesses—David Gensbigler, father of the plaintiff, at the time of his death on December 7, 1934, was the owner of the equipment involved in this action, it then being located at a mine operated by him on the Sindorf farm in Derry Township, Westmoreland County. Subsequently the plaintiff purchased the equipment from his father's estate and operated the mine under a lease from Sindorf, the owner of the land, for a short time. When he discontinued operations, the plaintiff did not remove the equipment and it remained at the mining operation until it was taken therefrom by the defendants in 1946. Shortly before the defendants took the equipment, they, in effect, admitted the plaintiff's ownership by endeavoring, although unsuccessfully, to purchase or lease the equipment from the plaintiff. By this evidence, the plaintiff clearly made out a prima facie case and the jury by its verdict resolved the

issue of his ownership and right to possession in his favor.

There is nothing in the record to show that the defendants had any rights whatsoever in the equipment. However, they contend that the plaintiff, by discontinuing mining operations and leaving the equipment at the mine, abandoned the equipment and consequently ownership thereto passed to Sindorf—a stranger to them so far as the record shows.

The answer to this contention is (1) at defendants' request, the trial court submitted the question of abandonment to the jury and it resolved the question in favor of the plaintiff, and (2) although the "plaintiff in a replevin action must recover on the strength of his own title or right of possession, and not on the weakness of his adversary's",[1] he is not required to set up such title or right against the whole world. This Court in *Ungar Buick Co. to use v. Thum,* 104 Pa. Superior Ct. 318, 158 A. 310, said at page 320: "The plaintiff was not required to set up a title good against the whole world, but it was necessary for it to show a good title as against the defendant in possession."

Judgment affirmed.

---

[1] 10 Standard Pa. Practice, page 587.