**Jeffrey's Div. of Winthrop-Scott & Co., Inc. v. Foto-one Corp.**

*John P. Currie*, for plaintiff.
*James F. Zaccaria*, for defendants.

DIGGINS, *J.*, December 6, 1977—A writ of replevin without bond was filed on April 27, 1972, by plaintiff. On May 19, 1972, a praecipe for a writ of replevin with bond was filed. An affidavit of value was filed and a bond in the sum of $22,000 was posted. No counterbond was filed. Thereafter, some items which are part of the subject matter of

this suit were delivered to plaintiff. On June 13, 1972, a complaint was filed and on June 20, 1972, defendants' answer was filed. On May 19, 1977, this case was tried before a judge sitting without a jury.

Plaintiff, a California corporation registered to do business in Pennsylvania and engaged in the business of retail photography, entered into a written agreement with defendant corporation establishing the relationship of franchisor-franchisee. The individual defendants also executed the contract and by so doing committed themselves to guarantee the performance of certain of the paragraphs of that agreement.

Acting under the agreement, plaintiff sold and delivered to defendant corporation certain merchandise for the sum of $19,542.77 and loaned to defendant corporation certain other items of merchandise and personalty of a value of $18,466.

Paragraph five of the contract between the parties provides as follows:

"Jeffrey's further agrees that the Contractor has the right to hire sub-contractors or sub-franchisees, and to enter into Agreements with said sub-contractors or said sub-franchisees, substantially as the form attached hereto and marked Exhibit 'B'."

Under the authority of this provision of the contract, defendant corporation did establish a number of sub-franchises, all with the knowledge and consent of plaintiff.

While many of the items of merchandise which are sought in this litigation are possibly in the hands of defendants' sub-franchisees, the sub-franchisees are not parties to this action.

In August of 1971, it was agreed plaintiff would repurchase all of the items sold to defendant corpo-

ration at the original purchase price of $19,542.77, less 25 percent depreciation, or $14,657.08. The repurchase was to be formalized by a letter agreement prepared by plaintiff for execution by both parties. The letter was submitted to defendant corporation but was not executed by it. It is clear, however, from the testimony of the witnesses, including defendant, James Aurino, that the terms of the repurchase were agreed to by the parties.

The franchise agreement was terminated probably during the month of March 1972. While the agreement between the parties provided for termination upon written notice, it does not appear this formality was observed by either party.

After the termination of the relationship of franchisor-franchisee, plaintiff demanded return of the enumerated items of equipment and supplies loaned to defendant corporation. While some of the items claimed have been delivered to plaintiff, plaintiff claims the balance of the inventory with a value of $11,277.14.

Defendants contend the action cannot be maintained, since much of the claimed merchandise is actually in the possession of sub-franchisees who are strangers to this lawsuit. They argue the key issue is whether or not plaintiff has a right of immediate and exclusive possession of the goods as against defendants, citing McKee v. Ward, 289 Pa. 414, 137 Atl. 599 (1927); Int. Electronics Co. v. N. S. T. Metal Products Co., Inc., 370 Pa. 213, 88 A. 2d 40 (1952).

To sustain an action in replevin, plaintiff must establish title as against defendant in possession: Gensbigler v. Shawley, 162 Pa. Superior Ct. 642, 60 A. 2d 360 (1948).

Plaintiff has clearly established the original bailment of the materials sought and by the re-

purchase agreement its title to the subject matter of the replevin action. The fact that some of this personalty is perhaps physically held by a sub-franchisee or sub-franchisees designated by defendant is no more meaningful than if they were in a warehouse having been stored there by defendant.

In addition to the elements of damage normally contemplated in this form of action, the parties agreed, under paragraph 22 of their contract, for the award of reasonable attorney's fees which we feel are of a value of $2,441.57.

Under paragraph 20 of the contract, plaintiff is entitled to recover from the individual defendants the advances which were guaranteed by them.

The Rules of Civil Procedure governing actions in replevin provide for judgment after trial for a party not in possession to establish the right to recovery, the money value and the amount of any special damages sustained: Pa.R.C.P. 1085.

We, therefore, enter the following

## JUDGMENT

And now, December 6, 1977, judgment is hereby entered in favor of plaintiff, Jeffrey's, Division of Winthrop-Scott and Co., Inc., and against defendant, Foto-one Corporation:

1. Plaintiff is entitled to the following personal property, detailed in plaintiff's complaint as schedule A.

2. Plaintiff is awarded the sum of $11,277.14, being the money value of the personal property detailed in plaintiff's complaint, schedule A, which has not been returned to plaintiff and which is detailed in schedule B, plus interest at six percent for detention thereof from May 19, 1972.

3. Damages as provided in the franchise agreement of April 3, 1970:

(a) Attorney's fees             $2,441.57
(b) Cost of replevin bond premiums    1,320.00

It is further ordered and decreed judgment is entered in favor of plaintiff, Jeffrey's Division of Winthrop-Scott and Co., Inc., and against defendants. Foto-one Corporation, James Aurino and Lois Aurino, jointly and severally, in the sum of $4,100 as damages provided in the franchise agreement of April 2, 1970, for cash advanced to defendant, Foto-one Corporation, for purchase of equipment.