J-S22032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MATTHEW BOWER, MATTHEW BOWER TRUCKING, INC., BOWER TRUCKING | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 1786 MDA 2019 |
| PENELOPE BOWER | : | |

Appeal from the Judgment Entered June 19, 2020
In the Court of Common Pleas of Lycoming County Civil Division at
No(s):  CV-2018-0001585-PI

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J. [*]

MEMORANDUM BY COLINS, J.:                    **FILED JULY 07, 2020**

Appellants, Matthew Bower and Matthew Bower Trucking, Inc.,[1] appeal

from the judgment entered on June 19, 2020, against Appellants and in favor

of Appellee, Penelope Bower.  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although the notice of appeal also named "Bower Trucking" as an appellant, the trial court docket, notes of testimony, and trial court opinion all list the plaintiffs only as Matthew Bower and Matthew Bower Trucking, Inc., without Bower Trucking.  The notice of appeal appears to be the sole place where "Bower Trucking" is listed as a party.  We will presume that this inclusion was an error by Appellants' counsel and not an attempt to influence this Court's understanding of the ownership of Bower Trucking, which is a central issue in this action.

Matthew Bower ("Matthew")[2] and Penelope Bower ("Penelope") are siblings; their mother was Anna M. Bower ("Anna"), who died on October 11, 2018. N.T., 10/1/2019, at 135.

On October 25, 2018, exactly two weeks after their mother died, Matthew commenced this action against his sister by filing an "Application for Special Relief in the Nature of a Preliminary Injunction." On November 2, 2018, the trial court entered an order resolving the preliminary injunction application by confirming an agreement of the parties. On February 8, 2019, Appellants filed a complaint in replevin requesting that the trial court order Penelope to return a 2004 Kenworth truck to them and a motion for contempt on the grounds that Penelope had not followed the November 2018 order and agreement. After Penelope filed preliminary objections to the complaint, Appellants filed an amended complaint on May 31, 2019, additionally requesting that the trial court order Penelope to return a 1999 International[3] truck ("the Truck") to them, along with "[a]ll titles, papers, Bills of Lading, customer lists, and any other corporate papers[.]" Amended Complaint in Replevin, 5/31/2019, *ad damnum* clause ¶ 1. On September 6, 2019, the court entered an order –

---

[2] Although we generally prefer to eschew using first names to identify parties, in order to avoid seeming overly familiar, given that there are three individuals and two companies involved in this action named Bower, we believe that using the individual's first names clarifies matters for the readers of this decision.

[3] "International" is a brand of trucks.

dismissing all of [Appellants'] claims in regard to the 2004 Kenworth, and dismissing . . . Matthew Bower and Matthew Bower Trucking, Inc.'s claims for the [Truck]. The only issue remaining was the claim raised by Matthew Bower that he is Bower Trucking and therefore is the owner of the [T]ruck. As the [trial c]ourt indicated in its Order of September 6, 2019, the sole issue remaining in the replevin action was to identify the individuals who are owners of the business entity known as Bower Trucking in order to determine whether Matthew Bower as Bower Trucking may continue to pursue his replevin action with regard to the [T]ruck.

Trial Court Opinion, dated October 3, 2019, at 1.

On October 1, 2019, the trial court held a hearing on the remaining claim. At the hearing, the fact that Matthew was the original owner of the Truck was undisputed. Furthermore, "neither party dispute[d] that the [current] titled owner of the [T]ruck is Bower Trucking. The dispute arises out of **who** is Bower Trucking." *Id.* (emphasis added).

During his testimony, Matthew "produced various exhibits such as receipts and bills which showed that he, at times, . . . used the name Bower Trucking." Trial Court Opinion, dated October 3, 2019, at 2. When asked about the name "Bower Trucking," Matthew answered, "My father's used that name. My brother, I think, has used that name. I've used that name." N.T., 10/1/2019, at 8. Matthew stated that Matthew Bower Trucking, Inc., paid for the gas and tires for the Truck. *Id.* at 33-35, 41-42. Matthew further testified that Penelope had failed to return to him business records, checks, keys, and titles for Matthew Bower Trucking, Inc., that she had in her possession. *Id.* at 43, 45-47.

Matthew's estranged wife, Amy Bower ("Amy"), testified about a time that Penelope tried to have Amy sign a document stating that Amy owned half of Matthew Bower Trucking, Inc. *Id.* at 83-86. One of Matthew's employees testified that he did not know about Penelope owning a trucking company. *Id.* at 89-91.

Appellants also presented the testimony of Matthew and Penelope's maternal uncle, Robert Strauser, which included the following:

> **Q**      . . . [W]ere you aware that Anna . . . entered into a business with Penelope . . . called Bower Management or Bower Trucking?
>
> **A**      No.
>
> **Q**      Did she ever talk to you about that?
>
> [**PENELOPE'S COUNSEL**]:    Objection hearsay. . . .
>
> [**APPELLANTS' COUNSEL**]: . . . [U]nder the Dead Man's Act the witness can testify to statements by the deceased if he doesn't have an interest in the outcome, or is a party to the action. . . .
>
> **THE COURT:**. . . I believe it's hearsay as I'm not going to allow him to testify to anything that . . . Anna . . . would have said to him. . . .
>
> **Q**      Did you ever see any corporate papers where Anna . . . was party to any corporation or partnership?
>
> **A**      No.

*Id.* at 96-98. Additionally, Anna's grandson testified that he did not know anything about Anna running a business. *Id.* at 101.

Penelope testified and presented a written partnership agreement stating that Bower Trucking is a partnership between herself and Anna, entered into on January 5, 2014. Defendant's Exhibit No. 4; N.T., 10/1/2019,

at 140, 157. Penelope presented further documentation that a federal Employer Identification Number ("EIN") was obtained for Bower Trucking using Anna's Social Security Number, Defendant's Exhibit No. 5; N.T., 10/1/2019, at 140, and annual applications with motor carrier reports for a registration number with the United States Department of Transportation for Bower Trucking listing Penelope and Anna as general partners. Defendant's Exhibit Nos. 6, 10-11; N.T., 10/1/2019, at 141-42.

Penelope testified that Bower Trucking purchased the [T]ruck from Matthew on May 31, 2014. N.T., 10/1/2019, at 140, 157. The title, dated May 31, 2014, transferring the [T]ruck from Matthew as an individual to Bower Trucking was entered into evidence as Defendant's Exhibit No. 1; on it, the purchaser was listed as Penelope as "general partner" and the seller was listed as Matthew. During his testimony, Matthew had confirmed that the signature on the title transfer was his. N.T., 10/1/2019, at 58.

Following the hearing, on October 3, 2019, the trial court entered a written order and opinion finding that Bower Trucking was a partnership between Penelope and Anna and that, as there was no dispute that Bower Trucking owned the Truck and that Anna was deceased, Penelope consequently owned the Truck. Trial Court Opinion, dated October 3, 2019, at 3. Accordingly, the order dismissed Appellants' complaint. *Id.*

On October 25, 2019, Appellants filed an appeal.[4]  On April 22, 2020, this Court directed Appellants to praecipe the trial court prothonotary to enter judgment, and to file with the Prothonotary of the Superior Court, within 30 days, a certified copy of the trial court docket reflecting the entry of judgment. After Appellants failed to respond, on June 12, 2020, this Court entered a rule to show cause why the appeal should not be dismissed, with Appellants' response due seven days thereafter.  On June 19, 2020, Appellants filed a praecipe to enter judgment, thereby perfecting their appeal; on June 22, 2020, Appellants notified this Court of the entry of judgment in a response to the rule to show cause.  On June 23, 2020, this Court entered an order deeming Appellants' June 22, 2020, response to be timely filed and discharging the April 22, 2020, show-cause order.

Appellants now present the following issues for our review:

1.	Whether the trial court erred in sustaining [Penelope]'s objections under hearsay, when the witness was not incompetent under the Dead Man's Act and no such objection was lodged.  [*sic*]

2.	Whether the trial court erred in failing to consider competent and substantial evidence, as follows:

a. Penelope Bower failed to introduce tax documents, K-1 statements, or any other evidence to prove she owned any interest in Matthew Bower Trucking, Inc. or Bower Trucking.

b. Penelope Bower failed to produce corporate papers, or partnership agreements, or any other proof that she owned

---

[4] Appellants filed their statement of errors complained of on appeal on November 14, 2019.  The trial court entered a supplemental opinion on December 3, 2019.

any business whatsoever, namely, no interest in Matthew Bower Trucking, Inc., or Bower Trucking.

c. Although a purported lease [] allegedly signed by [Matthew] for the [Truck] was proffered by Penelope Bower which [Matthew] denied, no bank statements or other proof was entered that might show lease payments made by Matthew Bower Trucking, Inc. or any Bower Trucking bank account, or receipts for lease payments, or any other kind of evidence to support Penelope Bower's assertion.

d. [A]ppellant produced bank statements and gas receipts, and repair and equipment receipts showing [A]ppellant ran his trucks under Bower Trucking and Matthew Bower Trucking. Many receipts showed simply "Matthew Bower Trucking" for the truck registered to Bower Trucking. Appellant was the only party who had and has an operating license for semi-tractor trailers that run interstate. Penelope Bower had no such evidence, yet the court dismissed [Appellants'] case.

e. Penelope Bower offered no evidence to support her testimony that she cashed checks to herself from Matthew Bower Trucking, Inc[.]'s Bank Account "to pay for Bower Trucking" for the alleged lease, which was not supported by any competent evidence, or example:

(1) Penelope Bower wrote checks out to herself, not Bower Trucking;

(2) Penelope Bower did not offer any bank statements for Bower Trucking to prove such funds were deposited in a Bower Trucking account.

(3) Penelope Bower offered no receipts, deposit slips and no bank statements to back up her assertions.

3. The trial court erred in finding that "many members of the Bower family used" the Bower Trucking name, as this was not produced in evidence. [Matthew]'s contention was that his father, brother and he used the Bower Trucking name only.

4. The trial court erred in allowing Penelope Bower to assert that she was part owner of Matthew Bower Trucking, Inc., after

she told the court in an earlier hearing that she would make no such claim.

5.    The trial court erred in refusing to allow [Matthew] to establish that Penelope Bower, while book keeper [*sic*] for Matthew Bower Trucking, Inc., took money from the Matthew Bower Trucking, Inc.'s bank account by writing checks to herself for several years as would have been testified to by [Matthew] accounting expert.

6.    The trial court erred by failing to consider that the evidence established that Penelope Bower took the [T]ruck in the middle of the night by shady means and has kept them hidden since that time.

7.    The trial court erred in denying [Appellants'] Motion in Contempt when two Common Pleas judges ordered Penelope Bower to bring the two trucks back to [A]ppellant[s], and her attorney assured that she would abide by the court's order, but she never did so.

Appellants' Brief at 7-8.

Preliminarily, we note that, although Appellants' statement of questions involved pursuant to Pa.R.A.P. 2116 enumerates seven main appellate claims, with various sub-claims, the argument section of their brief contains no divisions, in violation of Pa.R.A.P. 2119(a), which mandates that "argument shall be divided into as many parts as there are questions to be argued." Although we have chosen to apply our rules liberally, we admonish Appellants and, more importantly, their counsel, and we remind them of the following:

The briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review as guaranteed by Article V, Section 9 of our Commonwealth's Constitution may be properly exercised.

***Commonwealth v. Briggs***, 12 A.3d 291, 343 (Pa. 2011).

- 8 -

Appellants first contend that the trial "court erred in sustaining the hearsay objection" during Mr. Strauser's testimony "and failed to recognize the witness was a disinterested witness and could testify about said conversation." Appellants' Brief at 14. "The admissibility of evidence is a matter within the sound discretion of the trial court and will be reversed only where there is a clear abuse of discretion." *Commonwealth v. Clemons*, 200 A.3d 441, 474 (Pa. 2019) (citation omitted). In their brief, Appellants explain that they "called the brother of the decedent[, Anna,] to refute [Penelope]'s testimony that the decedent [and Penelope] formed a partnership together called 'Bower Trucking'." *Id.* at 13-14. However, the fact that Mr. Strauser had never heard of nor seen any documents supporting Penelope's assertion that she and Anna had formed a business together was entered into evidence. When asked whether he was "aware that Anna . . . entered into a business with Penelope Bower called Bower Management or Bower Trucking[,]" Mr. Strauser answered, "No." N.T., 10/1/2019, at 96. When asked if he "ever [saw] any corporate papers where Anna . . . was party to any corporation or partnership[,]" Mr. Strauser again answered, "No." *Id.* at 97-98. Accordingly, although the exact words of the alleged conversation between Anna and Mr. Strauser were not entered into evidence, the fact that Appellants were trying to establish – *i.e.*, that Anna never mentioned a business with Penelope to Mr. Strauser – was made known to the trial court. Consequently, we need not reach the issue of whether the Dead Man's Act was an applicable exception to hearsay in this instance, because, even

assuming *arguendo* that it was, any such error by the trial court was harmless and did not prejudice Appellants. *See Commonwealth v. Jacoby*, 170 A.3d 1065, 1085 (Pa. 2017) (harmless error in the admission of evidence can be found where "the error did not prejudice the [party] or the prejudice was *de minimis*").

The majority of Appellants' remaining claims boil down to a challenge to the weight of the evidence.

> When reviewing a challenge to the weight of the evidence, we review the trial court's exercise of discretion. A reversal of a verdict is not necessary unless it is so contrary to the evidence as to shock one's sense of justice. The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses. The fact-finder also has the responsibility of resolving contradictory testimony and questions of credibility. We give great deference to the trial court's decision regarding a weight of the evidence claim because it had the opportunity to hear and see the evidence presented.

*Commonwealth v. Roane*, 204 A.3d 998, 1001 (Pa. Super. 2019) (internal citations and quotation marks omitted); *see also Ferraro v. Temple University*, 185 A.3d 396, 401 (Pa. Super. 2018) ("Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury." (citation omitted)).

Moreover,

> In a replevin action the sole issue is one of title and right to possession and all matters foreign thereto must be excluded from consideration and are not available as defenses. The plaintiff has the burden of establishing by adequate proof such an interest in the property replevied as entitles him to exclusive possession.

*Gensbigler v. Shawley*, 60 A.2d 360, 361 (Pa. Super. 1948) (citations omitted); *see also International Electronics Co. v. N.S.T. Metal Products Co.*, 88 A.2d 40, 43 (Pa. 1952) ("In order to sustain replevin, it is incumbent on the plaintiff to show not only that he has title, but that he has also the right of immediate possession."); *Ford Motor Credit Co. v. Caiazzo*, 564 A.2d 931, 933 (Pa. Super. 1989) ("The focus in a replevin actions is strictly limited to title and right of possession; all matters foreign to those limited issues are expressly excluded from consideration and are not available as defenses or counterclaims.").

In essence, Matthew wants this Court to believe his side of the story and to disregard any evidence presented by Penelope. Appellants contend: "The trial court overlooked a half a dozen witnesses and 61 pieces of documentary evidence to find that the sole self-serving testimony of Penelope Bower was credible." Appellants' Brief at 19.

However, the weight of the evidence, including the credibility of witnesses, was exclusively the prerogative of the trial court as finder of fact, *Roane*, 204 A.3d at 1001, and the trial court believed Penelope's version of events, which she supported with physical exhibits:

> Based upon the testimony and evidence presented to the [trial c]ourt throughout the course of the hearing, the [trial c]ourt finds that the Bower Trucking which is the titled owner of the [T]ruck is a partnership between the late Anna . . . and Penelope A. Bower,

- 11 -

which was entered into on January 5, 2014. The partnership of Bower Trucking purchased the [T]ruck from Matthew Bower on May 31, 2014. The title work transferring the [Truck] from Matthew Bower to Bower Trucking is signed by Penelope Bower, General Partner of Bower Trucking, as the purchaser. Matthew Bower signed as the seller. The transaction occurred on May 31, 2014, several months after the creation of the Bower Trucking partnership between Penelope Bower and Anna[.] . . . Documentation was presented to support evidencing an EIN number for Bower Trucking with Anna . . . listed as General Partner, and a Department of Transportation number for Bower Trucking listing Penelope Bower as General Partner. Additionally, motor carrier reports for 2016 and 2017 were produced for Bower Trucking. . . . It is clear to th[e trial c]ourt, based upon the completed assignment of title paperwork for the transfer of the [T]ruck signed on May 31, 2014, by Matthew Bower as the seller, and Penelope, general partner of Bower Trucking, as purchaser, that the owner of the [Truck] is the Bower Trucking partnership between Penelope and Anna[.]

Trial Court Opinion, dated October 3, 2019, at 2-3; *see also* Defendant's Exhibit Nos. 1, 4-6, 10-11; N.T., 10/1/2019, at 58, 140-42, 157. Additionally, Appellants seem to confuse quantity of evidence with quality of the evidence, *see* Appellants' Brief at 19, as much of their evidence was irrelevant, undisputed, or tangential to the core issues of ownership of Bower Trucking and, in turn, ownership of the Truck, including testimony on what individuals did **not** know about the businesses or demonstrating a co-mingling of funds. *See, e.g.*, N.T., 10/1/2019, at 33-35, 41-43, 45-47, 83-86, 89-91, 96-98, 101; *see also Ford*, 564 A.2d at 933; *Gensbigler*, 60 A.2d at 361. In addition, the types of documents that Appellants claim that Penelope should have produced in order to establish that she owned Bower Trucking, such as tax documents and corporate papers, *see* Appellants' Brief at 7 ¶ 2.a.-b., 18, were not produced by Appellants, either, to demonstrate that they owned

Bower Trucking, and Appellants, as the original plaintiffs, have the burden of proof in a replevin action. ***International Electronics***, 88 A.2d at 43; ***Gensbigler***, 60 A.2d at 361.

Accordingly, the trial court's findings were supported by competent evidence, and, consequently, we cannot and will not substitute another's judgment for that of the trial court. ***Ferraro***, 185 A.3d at 401.

As for some of Appellants' more specific arguments, we find some to be waived and none to be persuasive -- certainly not enough to shock our sense of justice. ***Roane***, 204 A.3d at 1001.

Whether Penelope could prove she owned any interest in Matthew Bower Trucking, Inc., Appellants' Brief at 7 ¶ 2.a.-b., 19, is irrelevant, because it was undisputed that the Truck was titled to Bower Trucking, not to Matthew Bower Trucking, Inc. Trial Court Opinion, dated October 3, 2019, at 1.

Appellants do not mention the existence of "corporate papers" in the "Argument" section of their brief, ***compare*** Appellants' Brief at 7 ¶ 2.b. ***with id.*** at 13-19, thereby waiving the challenge. ***See Hinkal v. Pardoe***, 133 A.3d 738, 740–41 (Pa. Super. 2016) (*en banc*) (citing Pa.R.A.P. 2119; ***Harvilla v. Delcamp***, 555 A.2d 763, 764 n.1 (Pa. 1989)) ("[a]ppellant did not address [an] issue in the Argument section of her brief[; w]e therefore[] may find this issue waived"); ***Green v. Green***, 69 A.3d 282, 286 n.3 (Pa. Super. 2013) (citing ***Umbelina v. Adams***, 34 A.3d 151, 161 (Pa. Super. 2011) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion

capable of review, that claim is waived."); Pa.R.A.P. 2119(a)) (where "argument section does not address . . . issue on appeal . . . , we find that issue waived for lack of development").

Appellants' assertion that Penelope did not present a partnership agreement, Appellants' Brief at 7 ¶ 2.b, is erroneous, as the written partnership agreement between Penelope and Anna creating Bower Trucking, dated January 5, 2014, was admitted into evidence as Defendant's Exhibit No. 4 and was discussed by Penelope during her testimony. N.T., 10/1/2019, at 140, 157.

The issue of whether there was, at some point in time, a lease between Matthew and Penelope for rental of the Truck is also waived for failure to include it in the "Argument" section of Appellants' brief. **Compare** by Appellants' Brief at 7-8 ¶ 2.c., e. **with id.** at 13-19; **see also Hinkal**, 133 A.3d at 740–41; **Green**, 69 A.3d at 286 n.3.[5]

Contrary to Appellants' claim otherwise, Appellants' Brief at 7 ¶ 2.d., the trial court acknowledged that Matthew "produced various exhibits such as receipts and bills which showed that he, at times, also used the name Bower Trucking[,]" but the court, as fact-finder, did not find this evidence to be persuasive. Trial Court Opinion, dated October 3, 2019, at 2.

---

[5] Moreover, the question is immaterial, because, on May 31, 2014, Matthew signed the title transfer to Bower Trucking and admitted in court that the signature on the title transfer was his. Defendant's Exhibit No. 1; N.T., 10/1/2019, at 58.

The "Argument" section of the brief also makes no reference to the trial court's finding that "many members of the Bower family used" the Bower Trucking name, **compare** Appellants' Brief at 8 ¶ 3 **with id.** at 13-19, hence waiving this claim as well. **Hinkal**, 133 A.3d at 740–41; **Green**, 69 A.3d at 286 n.3. Assuming this challenge were not waived, we would note that Matthew's own testimony was that three members of his family -- his father, his brother, and himself -- used the "Bower Trucking" name. N.T., 10/1/2019, at 8. Three people employing the name would be enough to find that "many members of the Bower family used" the name.

Appellants' allegation that Penelope embezzled from them was not at issue, Appellants' Brief at 8 ¶ 5, and Appellants fail to explain how, assuming that this accusation were true, it is relevant to the issue of ownership of the Truck. **See id.** at 16, 18-19.

Finally, Appellants' "Argument" section makes no reference to Penelope moving the Truck by "shady means," **compare id.** at 8 ¶ 6 **with id.** at 13-19, thereby also waiving this issue. **Hinkal**, 133 A.3d at 740–41; **Green**, 69 A.3d at 286 n.3. Assuming *arguendo* that this contention were not waived, we find no evidence of this alleged event presented during the hearing on October 1, 2019, and Appellants provide us with no citations to the notes of testimony or to any exhibits in support of their contention nor any explanation as to how this claim is relevant to establishing ownership of the Truck.[6]

---

[6] Furthermore, as the Truck was Penelope's property, she could move it at any time she wished.

As for the motion for contempt, Appellants' entire argument in their brief consists of one sentence with no citations to the record or to any law: "The trial judge erred in denying [A]ppellants['] motion for contempt, as two common pleas[] judges had ordered the [Truck] to be returned to 829 W 4th Ave. Williamsport, and her attorney emailed the undersigned indicating that she would return the truck, but never did." Appellants' Brief at 19. Appellants' challenge to the denial of their motion for contempt hence is waived. Pa.R.A.P. 2119(a) (argument shall include citation of authorities); *Kelly v. Carman Corporation*, 2020 PA Super 35, at *35-*36 (filed February 12, 2020) (citing *Commonwealth v. Spotz*, 18 A.3d 244, 281 n.21 (Pa. 2011) (without a "developed, reasoned, supported, or even intelligible argument[, t]he matter is waived for lack of development"); *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) ("The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities[; t]his Court will not consider the merits of an argument which fails to cite relevant case or statutory authority" (internal citations and quotation marks omitted)); *Lackner v. Glosser*, 892 A.2d 21, 29-30 (Pa. Super. 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention)).

For the reasons given above, we conclude that the trial court's findings are supported by competent evidence. ***See Ferraro***, 185 A.3d at 401. We therefore affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2020